THOMAS LARENCE *et al.*, plaintiffs in error, *vs.* SALLIE A. EVANS, defendant in error.

Where a homestead was set apart under the Act of 1868 and was afterwards levied on to satisfy a *fi. fa.* founded on a debt contracted before 1868, the husband, or, on his failure, the wife, may apply for an exemption, under the law as it stood before the debt was contracted, and the exemption, if obtained before the sale under the levy, is a valid exemption against the judgment so levying.

Injunction. Homestead. Before Judge McCUTCHEN. Catoosa county. At Chambers. August 16th, 1873.

Sallie A. Evans filed her bill against Thomas Larence, W. H. Payne and James M. Edwards, sheriff of Catoosa county, making substantially the following case :

Complainant is the wife of C. L. Evans, and the mother of five minor children, and as such is entitled to a homestead of realty and personalty. The eñtire estate of her husband and his said family consists of the house and lot in the town of Ringgold, whereon they now reside, not exceeding $500 00 in value; this property being in a village, would be allowed to her as exempt from levy and sale under section 2040 *et seq.*, of the new Code. On the ...... day of ......, her said husband had said property set apart as a homestead under the provisions of the Act of 1868, but said judgment of the Ordinary has been rendered nugatory as against debts contracted prior to the adoption of the Constitution of 1868, by the recent decision of the Supreme Court of the United States. After he had availed himself of the supposed benefit of said Act, he contracted an indebtedness of about $400 00 to one George W. Hill. Hill was proposing to move West, and desired to have security for said debt, and requested complainant to sign a deed conveying to him said house and lot to render him safe. This deed, though it may be absolute upon its face, was then and now is regarded and treated by the parties thereto as a mere security or mortgage, and was intended to operate only as such at the time complainant signed the same. At the time of the execution of said instrument, complainant is informed and believes that said Hill made and delivered to her said husband a bond for title, or some such instrument, obligating himself to reconvey said property upon the payment of said debt.

The defendant, Larence, holds two executions against complainant's husband, based on judgments obtained before the adoption of the Constitution of 1868, which have been recently levied upon the aforesaid house and lot. After the levy, and before the day of sale, complainant obtained from the Ordinary of Catoosa county an order setting apart said house and lot, and some personal property as exempt from levy and sale under section 2040 *et seq.*, of the new Code. Notwithstanding this order and with full notice of the same, the defendant, Edwards, sheriff, as aforesaid, sold said prop-

erty on the day advertised, at public sale, to the defendant Payne, at and for the sum of $200 00, and executed to him a deed accordingly.   Payne was and is the attorney for Larence, and complainant is unable to state whether said bid was made for himself or for his client.   Said sheriff has threatened to eject complainant and her said family from the said house and lot unless she attorns to Payne. ·

Prays, that the defendants may be enjoined from ejecting complainant and her family from said house and lot; that the deed executed by the sheriff as aforesaid may be decreed to be delivered up to be canceled; that the writ of subpœna may issue.

The answers of the defendants set up the following facts:

The property in controversy having been set apart as a homestead to complainant's husband under the Act of 1868, she was not entitled to a second homestead in the same under the old law.   The deed to Hill was in no particular conditional, it was absolute and conveyed the title to him.   They deny that they had any notice of the exemption to complainant under the old law, before or at the time of the sale.

The Chancellor granted the injunction as prayed for, and defendants excepted.

W. H. PAYNE; E. F. HOGE, for plaintiffs in error.

A. T. HACKETT, by A. B. CULBERSON, for defendant.

McCAY, Judge.

It is alleged in this bill, and the demurrer admits it to be true, that the property in dispute is not worth more than $500 00.   As it is situated in a town, it is not, therefore, of any greater value than was exempt from levy and sale at the time the debt, now seeking to condemn it, was contracted: Code of 1873, section 2040; Act of 1845, Cobb, 391.   In my judgment, if this be so, it does not affect the question that it was laid off, under the Act of 1868.   It is not over the law, but over its operation, that the jurisdiction of the Federal Court

extends, and if, under the Act of 1868, one gets a homestead, no greater than he would have got, under the law, as it stood when the debt was contracted, there is no conflict between what the law has given him and the Constitution of the United States. But in this case, the party has taken an exemption under the Act of 1845, and in accordance with its provisions. It seems to us absurd to say, that, as he has acted under the Act of 1868, he cannot act under the law of 1845, if his act under the law of 1868 was void. If it was so void, then it is as though he had not acted at all. If the judgment of the Ordinary was void, the matter stands, as to this debt, exactly as if no such judgment was had.

We are, therefore, all of the opinion that this second application and the proceedings under it were legitimate and proper. That it was not recorded, ought not, in favor of these executions, to affect the question. They have lost nothing by the failure, since whatever rights they had were acquired before the application was made. What may be the rights of the person to whom the homestead was sold, is nothing to the plaintiff in execution. The complainant in the bill is in possession and she says that was no sale, but a mortgage, and by permitting her to keep possession the nominal grantee in that deed, *prima facie*, admits it. Altogether, we think there is enough in this case, as it stands, to justify and require an injunction, at least till a hearing can be had.

Judgment affirmed.