EARLE & CO. v. R. W. HARDIE, sheriff.

*Homestead and Personal Property Exemption—Debt contracted prior to* 1868.

1. The homestead act of 1867 (ch. 61, act 1866–'67) is in full force as against all debts contracted after its ratification and prior to the adoption of the constitution of 1868.

2. To entitle a judgment debtor to the homestead provided in the act of 1867, against a debt contracted after its ratification, and prior to the adoption of the constitution of 1868, such homestead must have been allotted to him under the provisions of the act prior to the contracting of the debt.

3. As against such debt, the judgment debtor is entitled to the personal property exemption of five hundred dollars under art. X, § 1, of the constitution, more property not being thereby exempted than was exempt under existing law (ch. 61, acts 1866–'67) when the debt was contracted.

APPLICATION for a Mandamus to compel defendant sheriff to levy on and sell property of judgment debtors, heard at Spring Term, 1877, of CUMBERLAND Superior Court, before *McKoy, J.*

The complaint states that at November term, 1869, of said court, the plaintiffs recovered a judgment against William Warden and Daniel McKinnon for the sum of $336.17, with interest from the 15th of November, 1869, and costs, on three promissory notes for one hundred dollars each, dated November 26th, 1867, and payable respectively, six, seven and eight months after date; that the judgment was regularly docketed in the county of Cumberland, and an execution issued on the same to the sheriff against Warden and McKinnon, which came into his hands on the 16th day of April, 1870; and thereupon, on the 20th of said month, he caused the homestead and personal property exemption of each of the defendants in the execution to be laid off and assigned, and made return on the execution, "nothing to be

12

found over the homestead exemption." On the 2d day of December, 1871, an *alias* execution was issued against them to the defendant, Robert W. Hardie, as sheriff of Cumberland county, with request by plaintiffs that he would levy on the property of defendants which had been set apart for them under the homestead and personal property exemption laws of the state; and the sheriff made return on the execution, "no property to be found in my county in excess of the homestead," dated December 30th, 1871. Then, on the 15th of May, 1873, a *pluries* execution on the judgment was issued to the defendant, Hardie, as sheriff aforesaid, who made return thereon, "nothing to be found in excess of homestead. I decline to levy on the homestead under the existing laws of North Carolina." Afterwards, on the 21st of May, 1877, upon leave obtained from the superior court, another *pluries* execution was issued to defendant sheriff with the request from plaintiffs, through their attorney, that he would levy the execution on the property of the defendants in the execution, but he declined to do so.

The defendants, Warden and McKinnon, own some personal property and the land that was assigned to them as homesteads, and have no property in excess of the amount exempted from execution by the homestead and personal property exemptions provided for in the first and second sections of article ten of the constitution of 1868, and that no part of the judgment has been paid except the sum of $114.21, on the 17th day of July, 1869. Defendant demurred to the complaint, for that, the plaintiffs asked and required of defendant to do acts that were forbidden by law, to-wit, to levy upon and sell property exempt from the execution of plaintiffs' judgment. The demurrer was sustained and the plaintiffs appealed.

*Messrs. Hinsdale & Devereux,* for plaintiffs.
*Messrs. N. W. Ray* and *B. Fuller,* for defendant.

EARLE *v.* HARDIE.

ASHE, J. (After stating the case.) We think the plaintiffs are entitled to the writ of mandamus as prayed for; but before the writ is issued, it is proper as a guide to the sheriff that it should be ascertained whether the defendants in the judgment are entitled to homesteads and personal property exemptions, and if so, to what amount and under what law. In considering these questions we will first inquire whether they are entitled to homesteads, and then, whether they can claim personal property exemptions against the execution of plaintiffs.

It has been decided by the supreme court of the United States at the October term, 1877, of said court, in the case of *Edwards* v. *Kearzey,* carried from this court by writ of error, that the second section of article ten of the constitution of 1868, which exempts from execution real property of a resident debtor not exceeding in value one thousand dollars, is void as against pre-existing debts, being in contravention of the constitution of the United States, which inhibits a state from passing a law impairing the obligation of contracts. Art. I, § 10. And the federal constitution being the supreme law of the land, and the supreme court of the United States its ultimate and authoritative expounder, we must refer to the judgments of that tribunal for the obligatory rule to control our decisions upon all constitutional questions arising under that instrument.

The second section of article ten of our constitution of 1868, having been declared void as against debts previously contracted, the act of the legislature passed on the 7th of April, 1869, Bat. Rev., ch. 55, to carry its provisions into effect, is also void as against the same debts. The act being void against pre-existing debts, its clause repealing all laws coming in conflict with its provisions leaves the act of 1866–'67, ratified on the 25th of February, 1867, in full force as against all debts contracted after the date of its ratifica-

tion and before the time of the adoption of the constitution of 1868. No act can be in conflict with a void act.

The act of 1867, in the first section, provides: "That it shall be lawful for any citizen of the state who is possessed of a freehold of lands within the same, to file his petition in the court of pleas and quarter sessions of the county where the land lies, praying for the allotment of a homestead therefrom not exceeding one hundred acres if in the country, or one acre if in a city or town, which allotment may include a single dwelling and the necessary outhouses; and thereupon it shall be the duty of the court to appoint five freeholders to lay off and allot to the petitioner said homestead by metes and bounds according to their discretion, make a descriptive account of the same under their hands and seals, and return it to the court at its next session." This act having been in force when the plaintiffs' debt was contracted, the defendants in the judgment have the right to hold the homestead therein provided for against any execution that may be issued on the plaintiffs' judgment, provided they have complied with the requirements of the act.

We will next inquire whether the defendants in the judgment can hold the exemption of five hundred dollars in value of personal property as guaranteed in the first section of article ten of the constitution of 1868. We see no reason why they cannot. That section was not brought under the consideration of the supreme court of the United States in the case of *Edwards* v. *Kearzey*, and its operation upon preexisting debts contracted after the ratification of the act of 1867, is an open question. Without doubt the act of 1867 was in force until the adoption of the constitution of 1868, and by the seventh section thereof there was exempt from execution after its ratification, "all necessary farming and mechanical tools, one work horse, one yoke of oxen, one cart or wagon, one milk cow and calf, fifteen head of hogs, five hundred pounds of pork or bacon, fifty bushels of corn,

twenty bushels of wheat or rice, household and kitchen furniture not to exceed in value two hundred dollars, the libraries of licensed attorneys at law, practising physicians and ministers of the gospel, and the instruments of surgeons and dentists, used in their professions;" the value of which exclusive of the libraries of attorneys, physicians, and ministers, and the instruments of surgeons and dentists, may amount to much more than five hundred dollars.

Laws which subsist at the time and place of making a contract, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. *Van Hoffman* v. *Quincy*, 4 Wallace, 552. They are in contemplation of both parties to a contract. The debtor knows how much of his property he can hold in exoneration from his liabilities, and the creditor knows how much of the estate of his debtor he has the right to look to for the satisfaction of his debt.

At the time then when the plaintiffs' debt was contracted, to-wit, on the 26th of November, 1867, the exemption act of February 25th, 1867, was in full force, and the debt was contracted in reference to its provisions, by which there was property exempted from execution considerably in excess of five hundred dollars in value. The act was prospective in its operation and the defendants in the judgment had the right to hold the property therein enumerated discharged from liability to the plaintiffs' debt. But after the date of plaintiffs' debt, the constitution of 1868 was adopted, and the question here recurs, whether the first section of article ten of that instrument is void against this debt. We think it is not.

The ground on which homesteads and exemptions are pronounced unconstitutional as impairing contracts, is, because they withdraw from liability to pre-existing contracts property which at the date of the contracts was liable to their satisfaction. "One of the tests that a contract has been

impaired is that its value has by legislation been diminished." *Van Hoffman* v. *Quincy, supra,* cited in *Edwards* v. *Kearzey.* Hence it follows that an exemption law which does not diminish the value of a contract, or withdraw from liability more property in value than was exempted at the time the contract was made, is not unconstitutional. *Lessly* v. *Phipps,* 49 Miss., 790; *Larence* v. *Evans,* 50 Ga., 216; *Whittington* v. *Colbert, Ibid.,* 584. Therefore the first section of article ten of the constitution of 1868 is not void as against the debt of plaintiffs, because it does not exempt from liability more property than was exempt by the existing law when the debt was contracted. We do not think the framers of the constitution of 1868 contemplated giving the personal property exemptions therein provided for, in addition to those given in the act of 1867, for that would have made it obnoxious to the reasoning and conclusion in the *Edwards-Kearzey* case; but intended it should be a substitute for them against all debts incurred or contracts made after the 25th of February, 1867, the day of the ratification of the act of that date, and prior to the adoption of the constitution on the 24th of April, 1868.

There is error. The judgment below is reversed and the demurrer overruled. This must be certified to the superior court of Cumberland in order that a writ of mandamus may be issued to the defendant, Robert W. Hardie, as sheriff of the county, commanding him to proceed forthwith under the execution now in his hands, or that may hereafter come into his hands, issued upon the said judgment in favor of the plaintiffs against William Warden and Daniel McKinnon, to levy upon and make sale of the personal property of each of the said defendants in excess of five hundred dollars, if to be found; and if not, to levy upon and sell the lands of each of the defendants owned by them at the date of the docketing of the judgment, or acquired by them since, or so much thereof as will satisfy the said judgment, except-

ing any homestead either of them may have had allotted to
him under the provisions of the act of 1867, prior to the
contracting of the debt.

Error.                                              Reversed.