A. A. McKETHAN *v.* R. M. McNEILL and another.

The Clerk of the Superior Court is the proper person, and not the Judge in term time, before whom application is made upon proof, for an execution upon a judgment of over three years standing. The execution is returnable to the next term.

This was a MOTION for leave to issue execution, heard before *Buxton, J.,* upon appeal from the ruling of the Clerk of the Superior Court of CUMBERLAND county, Fall Term, 1875.

The motion was refused, on the ground that the Clerk had no jurisdiction thereof, and his Honor sustained the ruling; being of the opinion, that Bat. Rev., chap. 18, sec. 7, suspending the C. C. P., required such motion to be made after notice, in term.

From this ruling the plaintiff appealed.

*Sutton* and *Jones & Jones,* for appellant.
No counsel, *contra* in this court.

READE, J.  Prior to C. C. P., when a plaintiff wanted to sue out execution upon a judgment, he had nothing to do but to go to the Clerk of the Court and get it, or tell him to issue it, returnable to the next term.

The practice was the same under C. C. P., except that the Clerk made the execution returnable before himself, instead of to the next term, and except that when the judgment was three years old, he could not issue execution at all, unless the plaintiff swore or otherwise proved that the judgment had not been satisfied.  C. C. P., sec. 256.

All that is plain under C. C. P.; but then comes the statute suspending the C. C. P., and providing that executions shall be returnable to the next *term* after they are issued, instead of before the Clerk, and shall be tested as of the preceding

term, which restores the old practice as it was prior to C. C. P., except that it still requires the affidavit as under C. C. P.

And so the question is, whether inasmuch as it is now re-quired that the execution shall be returnable to the next *term*, and tested as of the preceding *term*, it is not to be implied that the application for the execution and the affidavit must be to the Judge in term time ? And whether the Judge in term time, and not the Clerk in vacation, must not order the execution to issue.

His Honor was of the opinion, that under the statute sus-pending C. C. P., the execution could only be issued by order of the Judge in term time. Bat. Rev., chap. 18, sec. 7. In that we are of the opinion there is error. The object of that statement was to prevent the hasty return of the execution to the Clerk, and to make it returnable to the next *term* of the court, but still it is to be *issued* by the Clerk, without any order of the Judge in or out of term.

There is error. This will be certified.

Per Curiam.	Judgment reversed.