T. E. ASHCRAFT and others v. T. N. LEE and others.

*Practice--Appeal--Proceedings Concerning Roads, &c.*

1. No appeal lies to this Court from the judgment of the Superior
   Court upon a petition to discontinue a public road, heard on appeal
   from the action of the Board of County Commissioners.

2. Such proceeding is regulated by statute and the exercise of the power
   thereby granted to the county authorities is a matter of discretion,
   subject to the right of appeal to the Superior Court.

(*Brodnax* v. *Groom*, 64 N. C. 244, cited and approved.)

PETITION to discontinue a public road, filed in Union, and
removed to and heard at Spring Term, 1878, of STANLY Su-
perior Court, before *Moore, J.*

The petition was filed by the plaintiffs before the board
of township trustees, and upon the hearing before them it
was refused, and the plaintiffs appealed to the board of
county commissioners, who affirmed the judgment, and
they again appealed to the Superior Court. There was
much evidence in relation to the necessity, &c., of the road,
and the jury found in favor of the defendants. Judgment.
Appeal by the plaintiffs.

*Mr. J. D. Shaw*, for plaintiffs.
*Messrs. N. McKay, J. F. Payne* and *S. J. Pemberton*, for
defendants.

FAIRCLOTH, J. The Legislature has invested the township
boards of trustees and the boards of county commissioners
with full power and authority to order the laying out of
public roads where necessary, and to discontinue such roads
as shall be found useless, &c., &c. Bat. Rev. ch. 105, § 1:
And by § 3 if any person shall appeal from the judgment

of the board, the Superior Court shall hear the whole mat-
ter anew.    The power here given is complete, and its exer-
cise is a  discretionary matter with· the  county authorities,
with the right of appeal above stated.    We see no authority
for submitting· the question to a jury in the Superior Court
unless as was  suggested the  Judge  may call a  jury to his
aid.

There is authority whatever for  bringing the matter be-
fore this Court, and  if  there was we should find  much dif-
ficulty in deciding upon  the usefulness  or  uselessness of a
particular road, ferry, or bridge.    It was  not seriously con-
tended  that we  ought  to  undertake it, but it was  argued
that we might say whether certain evidence was improperly
excluded  by His Honor.    We might  do  so, but  for what
purpose to  the  appellant, and what  effect would  it have ?
The county authorities can allow or disallow these  applica-
tions with or without the  rejected evidence.    The power is
with  them  and  we  could  not  control it, and  to direct the
mere details would  be  utterly useless  to  the  parties.    The
whole matter must remain where the Legislature placed it.
*Brodnax* v. *Brown,* 64  N. C. 244.    The appeal  is dismissed
with  costs.

PER CURIAM.                                    Appeal dismissed.