T. E. ASHCRAFT and others v. T. N. LEE and others.

### Appeal—Public Road—Evidence.

1. Under ch. 36, § 1, of the acts of 1872-'73, either party to a petition to discontinue a public road has a right to take the cause up, by successive appeals, from the township board of trustees to the supreme court.

2. In determining upon the propriety of discontinuing a public road, evidence as to the original object in opening the road is not pertinent to the inquiry, as its utility is not dependent upon the intentions of those at whose instance it was first laid out, but upon the wants of the community and its tendency to promote the public interest.

3. Evidence that the road-hands in a certain township are in number insufficient to keep up *all* the roads in that township has no tendency, unless connected with other facts, to show that *any particular road* should be discontinued.

4. Evidence as to the number of families to be benefited by continuing the road is pertinent and important.

PETITION to Rehear, filed at January Term and heard at June Term, 1879, of THE SUPREME COURT.

This was originally a petition to discontinue a public road, heard at spring term, 1878, of STANLY superior court, before *Moore, J.,* (see 79 N. C., 34) and the plaintiffs in their application to rehear state that the cause was commenced before the township board of trustees, taken by appeal to the county commissioners, thence to the superior and supreme courts, when in the latter court the appeal was dismissed. The petitioners allege error, in that, the court say "there is no authority whatever for bringing the matter before this

court;" whereas they are advised that chapter 36 of the acts of 1872–'73, amendatory of chapter 185, acts of 1868–'69, provides for and allows appeals in such cases.

*Mesrrs. Hinsdale & Devereux*, for plaintiffs.
*Messrs. J. M. McCorkle* and *A. W. Haywood*, for defendants.

SMITH, C. J.   When the decision of this case dismissing the appeal for want of jurisdiction was rendered at June Term, 1878, our attention was not called in the argument to the amendatory act of January 29th, 1873, and not being brought forward in Battle's Revisal, it was overlooked by the court.   The previous act of April 10th, 1869, (Acts of 1868–'69, ch. 185, § 14) in express terms confers upon the board of township trustees authority "to lay out, alter, repair or discontinue highways," and the amendment provides that in all cases where the authority is exercised, " either party may appeal from the decision of the township board of trustees to the board of commissioners of the county, and from the decision of the board of commissioners of the county to the next term of the superior court thereof, and from the decision of the said superior court to the supreme court." Acts 1872–'73, ch. 36, § 1.   The right of appeal being thus given, the former judgment is erroneous and must be reversed.

It now remains to consider the legal sufficiency of the exceptions to the ruling of the court in admitting and rejecting the evidence set out in the record.

The object of the present proceeding is to obtain an order for the discontinuance of a public road heretofore laid out and established in the county of Union, terminating but not connecting with any other public road at its intersection with the Anson county line.   It does not appear what, if any, distinct issues were submitted to the jury, nor what facts are found by their verdict.   The only statement in the

record is that "there was a verdict for the defendants." It is the province of the jury to pass upon the conflicting allegations contained in the pleadings, presented in the form of issues, and to settle the material facts upon which the result depends, so that the court may be able to see and determine whether the public convenience requires the longer maintenance of the highway, or will be promoted by its discontinuance, and may proceed to judgment accordingly. It certainly cannot be the intent of the legislation on the subject to vest in a jury, and especially as in this case, a jury formed in another county (Stanly) an absolute discretion, denied alike to the boards of township trustees and county commissioners, to decide finally the question of the establishment or continued existence of public roads. The record failing to show what issues were submitted and what facts ascertained by the verdict, we are somewhat at a loss to determine the bearing and pertinency of the evidence offered, and consequently the correctness of the ruling in relation thereto. We must assume therefore that the jury were left to determine the final result and say whether the road should or should not be discontinued.

*First Exception*—During the trial the plaintiffs proposed to show that the original purpose in opening the road, (though not disclosed in the written application) contemplated its projection, by the coöperating action of the authorities of Anson, into that county and its connection with other roads therein. The testimony was refused. We are unable to see the materiality and bearing of the evidence upon the question (if such issue was involved in the inquiry before the jury) whether it was *then expedient and proper* to discontinue the road. The usefulness is not dependent upon the intentions of those at whose instance and by whose efforts it was first laid out, but upon the wants of the community and its tendency to promote and subserve the public interest. The proper inquiry is, does the public convenience

require the road, and does it furnish needed facilities of transit to such a number as to give it a public character. The motives and opinions of prominent persons sought to be elicited by the testimony might warp the judgment and influence the action of jurors, but would not legitimately conduce to a fair and full understanding of the matter in dispute, nor contribute to the formation of a just and correct opinion of its merits. The way may be useful now, and of great convenience to many, notwithstanding the full benefits expected from its extension have not been realized. There is no error in rejecting the evidence.

*Second Exception*—The court excluded evidence offered by the plaintiffs to show that the road-hands in Lane Creek township, through which the road runs, were in number insufficient to keep up and maintain all the public roads therein, twelve in number, and hence the necessity and propriety of a disuse of this road. The fact proposed to be proved might show an adequate reason for discontinuing one or more of the least useful of these highways, but it does not tend, unless connected with other facts not suggested, to prove this to be *one of those least useful highways* that ought to be dropped. The testimony points with equal force to each one of the roads, and would as well justify the discontinuance of any of them. And its introduction was calculated to mislead rather than instruct the minds of the jury.

*Third Exception*—The court did not permit the jury to hear the testimony of one of the defendants, offered by the plaintiffs, to the effect that the witness had united with others in a petition to the board of township trustees of White Stone township in Anson for the extension of the road in that county to another public road therein, and that the application was denied. The reasons for overruling the first exception are equally applicable to this. The inquiry leads to an issue collateral and wholly irrelevant. That efforts were made and failed of success in securing a connect-

ing road in Anson, and that the witness was a party thereto, sheds no light upon an inquiry as to the usefulness and value of the road laid out in Union, and was therefore properly rejected for irrelevancy.

*Fourth Exception*—Upon the cross-examination of a witness for the plaintiffs, the defendants extracted evidence tending to show that the road was useful to seven families living along its course, and to five or more families living within half a mile. The testimony after objection from plaintiffs was admitted. The evidence was both material and important, as showing how large a number used the road and the inconvenience of depriving them of the facili-! ties it afforded. The whole question was one of public and general convenience, and the consequences of its disuse to those most interested.

There is no error. The exceptions are overruled and the judgment affirmed.  ,

PER CURIAM.　　　　　　　　Judgment accordingly.