J. M. GALLOWAY, Ex'r, and others v. WM. BRADFIELD, Adm'r, and others.

*Executors and Administrators—Payment of Judgments.*

1. An administrator must pay off judgments against the estate according to priority, that is, the date of docketing.

2. Distinction between the rules governing the application by a sheriff of funds raised by sale under several executions, and the distribution of assets by a personal representative, pointed out by ASHE, J.

CIVIL ACTION tried at Fall Term, 1881, of ROCKINGHAM Superior Court, before *Gudger, J.*

This is an action in nature of creditor's bill brought by the plantiffs as executors and executrix of Thomas S. Galloway, deceased, in behalf of themselves and the other creditors of the testator, against William Bradfield as administrator of Isaac N. Hand, deceased, and the several sureties on two administration bonds given by the said Bradfield alleging breaches of the bonds, and the misapplication of the assests of his intestate.

After answer filed by the defendant Bradfield, the case was referred by consent to the clerk of the court to take and state the account of the defendant administrator, including

a statement of all the debts according to priorities, who, at fall term, 1881, made his report upon his findings of fact and conclusions of law.

The referee found as facts: That Isaac Hand died intestate in the spring of 1874, and was seized at the time of his death of a tract of land situate in the county of Rockingham, containing about one hundred and seventy-one acres; that at the time of his death the following judgments subsisted against him which had been duly docketed in the superior court; one in favor of Pleasant H. Price for the sum of $200, with interest from March 1st, 1862, and costs, rendered by a justice of the peace, January 5th, 1871, and docketed January 7th, 1871; one in favor of Thomas S. Galloway rendered in a justice's court January 14th, 1871, for $199.20, with interest from January 14th, 1871, and costs, docketed January 17th, 1871; one in favor of Mary S. Galloway for $192, with interest from January 14th, 1871, and costs, docketed January 17th, 1871; and another in favor of Susan Lemons against the said Hand, Thomas R. Williams and J. B. Garrett for $606.66, with interest on $400 from March 18th, 1872, and costs, docketed in the spring of 1872; that Bradfield was duly qualified as administrator of Hand, and gave successively two bonds with the usual conditions, the first in the penal sum of $1,000, with B. G. Wilson and John P. Wilson as sureties; and the second in the penal sum of $1,100, with like conditions with B. G. Wilson and J. M. Kallam as sureties; that he filed no inventory and made no returns to the probate court; that in pursuance of special proceedings had, the administrator sold the land belonging to his intestate for the net sum of $526.29, and applied the proceeds of sale to the Lemons judgment. There were no other debts of the estate than the judgments above mentioned.

The referee's conclusions of law were that all the judgments above set forth constituted liens of the several plain-

tiffs upon the real estate of the said Hand for ten years
from the docketing thereof, and that the legal priority of
the judgments is fixed by the date at which they were sev-
erally docketed; that the net proceeds of the sale ($526.29)
should have been applied first to the satisfaction of the
oldest lien, to wit, the judgment in favor of Pleasant H.
Price, and the residue to the satisfaction of the judgments
in favor of Mary S. Galloway and Thomas S. Galloway *pro
rata*, and that by the failure of the administrator to so ap-
ply the assets, he has failed to comply with the conditions
of his two said bonds and is liable for breaches thereof.
The referee found also that the junior judgment of Lemons
had been kept alive by regular and continuous executions,
and the plaintiff's judgments had been duly revived.

The plaintiff excepted that the finding that the Lemons
judment had been kept alive by regular and continuous ex-
ecutions, and the defendants excepted to all the other con-
clusions of law, except that which found that the plaintiff's
judgments were duly revived.

At the hearing upon the exceptions, His Honor sustained
that taken by the plaintiffs and overruled all of those taken
by the defendants, which rulings the defendants assign for
error on their appeal from the judgment rendered in favor
of the plaintiffs against the administrator Bradfield and his
sureties on the two administration bonds.

*Messrs. Mebane & Scott*, for plaintiffs.
No counsel for defendants.

ASHE, J.  In the court below there was a good deal of
stress laid upon the questions whether executions had been
issued in proper time to keep alive the judgments, and
whether proper notice had been given to revive them.  We
think these questions are aside from the merits of the case
and were altogether immaterial.  The principle which ap-

plies to the distribution of funds received by a sheriff by sale of land under several executions in his hands, has no application to the distribution of the assets of an estate by an administrator. The sheriff looks to the executions for his guide, and the administrator to the priorities of the debts of the estate. When there are judgment liens, as in this case, the one looks to the exigency of the executions, and the other to the judgments. So far as an administrator is concerned, the executions on a judgment have no effect to create, or perpetuate the lien; as has been repeatedly decided by this court, the office of an execution upon a judgment creating a lien on land is to enforce the lien of the judgment; therefore when it is issued upon a judgment rendered before the death of the defendant, but bearing teste after his death, it is inofficial and has no effect.

The only question in the case is, which of the judgments had the prior lien; and it was the duty of the administrator to pay these according to their priorities. Judgments fall within the fifth class to be paid. Bat. Rev., ch. 45, § 40. They constitute a class of debts to be paid in its order, but to be paid in that class according to their priorities, which is to be determined by the dates of their docketing, otherwise the creditor who has been the most diligent in obtaining his lien would lose the benefit of his vigilance, which it is the purpose and policy of the law to preserve.

We therefore hold that there was no error in the ruling of the court as to the application of the proceeds of the sale, to-wit, first to the satisfaction of the judgment of Pleasant H. Price; secondly to the satisfaction of the judgments in favor of Mary S. Galloway, and Thomas S. Galloway, *pro rata*, and the residue, if any, to the judgment of Susan Lemons.

The judgment of the court below is therefore affirmed.

No error.                                    Affirmed.