E. MAUNEY, Ex'r, and others, v. M. L. HOLMES, Adm'r.

*Executors and Administrators—Priority of Judgments in set-tling Estates.*

1. A personal representative must pay judgments docketed and in force to the extent to which they are a lien on the decedent's property *at his death ;* and the priorities among judgment creditors are deter-mined by the date of docketing, and are not disturbed by the time elapsing since the death of the debtor. *Daniel* v. *Laughlin, post,* 433, distinguished from this case.

2. Where there is unreasonable delay in settling the estate, a credi-tor can enforce his lien by a direct proceeding against the heir or dev-isee after three years from letters granted, to which the personal rep-resentative must be made a party.

3. The contention here that judgments rendered more than ten years before suit brought, are barred by the statute, is met by the provisions of section 43 of the Code, to the effect, that where the cause of action survives, suit may be commenced against the personal representative within one year after letters granted. (The remarks in *Flemming* v. *Flemming,* 85 N. C., 127, qualified and explained.)

(*Murchison* v. *Williams,* 71 N. C., 135, approved, and *Flemming* v. *Flem-ming,* 85 N. C., 127, corrected.)

SPECIAL PROCEEDING commenced in the Probate Court, for an account of administration, &c., heard on appeal at Spring Term, 1882, of ROWAN Superior Court, before *Eure, J.*

In the month of April, 1871, were issued several executions to the sheriff of Rowan on judgments theretofore rendered in the superior court in behalf of several creditors against the debtor, Burton Craig, under which certain lands of his were assigned and set apart as a homestead, and exempt from execution under the provisions of the statute. Bat. Rev., ch. 55. He remained in the occupation and use of the land so assigned, until his death in 1875, and his surviving widow thereafter, until her own demise in July, 1881.

No administration was granted on the estate of the intestate debtor, until October, 1881, when letters were issued to the defendent M. L. Holmes. In December following, the defendant instituted proceedings in the probate court, for an order of sale of said lands for assets to be used in payment of debts, under which in March, 1882, they were sold for the sum of $3,794, and this sum, less the costs of administration and sale, the defendant holds to be applied to the creditors according to their several legal preferences in the order of payment.

The present action on behalf of all of the intestate's creditors has for its object the adjustment of priorities among the contesting claimants, the proper distribution of the fund among the parties as they may be entitled, and the settlement of the estate.

The debts, all contracted at a date anterior to January, 1868, were reduced to judgment, and as we understand the facts, docketed during the life-time of the debtor in the superior court of Rowan, at the respective dates assigned to each in the finding and judgment of the probate judge. Of the whole number, whose amounts, times of docketing, and names of creditors, are ascertained and stated by him, five were docketed at fall term, 1869; two, at spring term, 1870; three at fall term, 1870; one at spring term, 1871; two at spring term, 1872; one at spring term, 1873, and the re-

maining two, on transcripts of judgments before a justice of the peace, intermediate between spring and fall terms, 1871, the one on June 15th, the other on July 22nd.

The sheriff under four executions issued at the instance of R. J. Holmes, John A. Long, W. H. and C. Motts and J. C. Foard, the name of the last alone appearing in the list of judgment creditors claiming a right to share in the fund, but whether it be upon the same debt does not appear, raised by a sale of other property of the debtor not covered by his exemption, made in the spring of 1881, the sum of $2,441, which the probate judge declares to be, in law, a satisfaction *pro tanto* of those debts, and he further declares that other payments on the judgments held by the said Holmes and Foard have discharged them altogether.

The probate judge rules upon these facts, that all but the three judgments last docketed in time, are to be excluded, because more than ten years from the date of docketing each had elapsed before the present suit was begun on March 16th, 1882, and the liens under the statute thus extinguished; and directed the fund to be applied to the payment in full of the judgments of J. M. Coffin to the use of the defendant and of E. Mauney executor of David Mc-Mackin, of spring term, 1872, and the residue to the judgment of E. P. Hall and wife of spring term, 1873.

Upon an appeal to the superior court the ruling of the probate judge in the appropriation of the fund was reversed, and His Honor declared and adjudged that the judgment creditors mentioned were severally entitled to be paid in the order of time, and according to the several priorities of the docketing of their respective judgments, until by this appropriation the fund left in the defendant's hands, after payment of costs and charges of administration, is exhausted. From this judgment the plaintiff, E. Mauney, appealed.

MAUNEY v. HOLMES.

*Messrs. J. W. Mauney* and *L. S. Overman*, for plaintiffs.
*Messrs. T. F. Kluttz* and *J. M. McCorkle*, for defendants.

SMITH, C. J., after stating the above. The correctness of the method of distribution adopted in the probate court, is maintained in the argument for the appellant, upon the ground also that by the lapse of time the liens on all the judgments, excluded by the ruling in that court, were extinguished and thus became debts due by judgment merely, without relation to the time of docketing, and were displaced by those rendered and docketed at a later date, whose liens are preserved, and thus gave them the priority of right of satisfaction.

The argument is fully met by the statute, which directs the order in which the debts of a decedent must be paid by his representative. After mentioning four classes to which the preference is given, which has no reference to the present case, the next and fifth class in the order of payment is thus described: "Judgments of every court of competent jurisdiction within this state, docketed and in force, to the extent to which they are a lien on the property of the deceased *at his death.*"

The priorities among the judgment creditors are plainly to be determined as they exist *at the death of the debtor*, and they remain unaffected by the lapse of time thereafter, as long as the bar of the statute does not interpose to defeat the debt itself. This is the manifest meaning of the act, and subserves its essential purpose to commit the administration of the assets, personal first, and if they are insufficient, real, in the discharge of the decedent's liabilities, to his personal representative.

The heir or devisee has a right to have the land derived from the ancestor or testator exonerated, if the personal estate which may be legally thus applied is sufficient to discharge the encumbering judgment debt, and hence no harm

should come to the creditor by the necessary delay in the administration. " The administration of the whole estate," in the words of READE, J., "is placed in the hands of the administrator or executor, as best it should be, instead of allowing a creditor to break in upon it with an execution and sale for cash at a possible sacrifice, when it may turn out that the personal assets would be sufficient without a sale of the land at all." *Murchison* v. *Williams*, 71 N. C., 135.

If the delay should be unreasonable on the part of the representative in calling in and applying the assets, and, in case of deficiency, in obtaining an order for converting the land into assets also for the purpose of payment, a remedy is furnished the creditor having a lien, to enforce it by a direct proceeding against the heirs or devisees to have the land sold, (C. C. P., § § 318 to 324) after the expiration of three years from the granting of letters testamentary or of administration. In case of resorting to this remedy, the representative must be made a party in order that if he has funds which ought to be, they may be applied to discharge diminish the lien debt, and relieve the land upon which it rests.

We sustain, therefore, the ruling of His Honor that the priorities subsisting among the judgment creditors at the death of the debtor, are not disturbed by the time since elapsing, nor are their liens displaced.

2. It is further contended that the judgments rendered more than ten years before the bringing of the action, are barred by the statute of limitations, and as no recovery could be had in a suit, they cannot be enforced against the intestate's estate. The answer to this contention is furnished in section 43 of the Code, which provides that " if a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his executors or administrators

after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." This would eliminate more than five years from the count of time, and leave it less than ten years as to each of the judgments.

In this connection we wish briefly to advert to and qualify, so as to avoid misconception, an expression used in delivering the opinion in *Flemming* v. *Flemming*, 85 N. C., 127. It is there said to be " equally well settled that the death of the debtor after the cause of action has accrued, will not suspend the running of the statute to the completion of the prescribed time." This was intended to be the statement of a general principle resting upon numerous adjudications, and without reference to the modification made by the words of the act recited, and to which attention was not at the moment of penning the sentence, directed, and certainly with no intent to disregard or ignore the express statutory mandate.

We think there is no error in the ruling of His Honor, and the judgment must be affirmed. As the settlement can be more conveniently proceeded with in the court below, we remand the cause in order thereto.

No error. Affirmed.