E. J. LILLY v. JOHN E. WEST, Ex'r.

*Statute of Limitation—Lien of Judgment.*

1. The expiration of ten years after a judgment is docketed is equally a bar to an action, on such judgment, and to a motion to revive it, being dormant, so that execution may issue on it.

2. The lien of a judgment expires at the end of ten years from the time it is docketed. The only provision which extends this time is that contained in C. C. P., §254; *The Code*, §435.

(*Murchison* v. *Williams*, 71 N. C., 135; *Mauney* v. *Holmes*, 87 N. C., 428; *Sawyer* v. *Sawyer*, 83 N. C., 321; *McDonald* v. *Dixon*, 85 N. C., 248, and 87 N. C., 404; *Lytle* v. *Lytle*, 94 N. C., 683; cited and approved).

This was a CIVIL ACTION, tried before *Clark, Judge*, at October Term, 1886, of SAMPSON Superior Court.

Judgment was rendered in favor of the plaintiff, from which the defendants appealed. The facts are sufficiently stated in the opinion of the Court.

*Messrs. Ernest Haywood* and *H. E. Faison*, for the plaintiff. *Mr. J. S. Stewart*, for the defendant.·

SMITH, C. J.   The partnership firm of H. & E. Lilly, in an action instituted upon a promissory note executed by R. C. Lee & Co. and W. P. Beaman for $1,452.99, dated March 27, 1861, and due at two months, recovered judgment which was docketed on November 1, 1789, against the defendants R. C. Lee, W. P. Beaman, Noel Jones and Blackman Lee, the members constitutiug R. C. Lee & Co., and the said W. P. Beaman, personally. Blackman Lee died on August 30th, 1877, and the defendants in this action became by appointment under his will his executors, and qualified as such. On October 31st, 1879, the plaintiffs caused notice to issue to

William Daughtry, administrator of said R. C. Lee, who had meanwhile died intestate, W. P. Beaman, Noel Jones and the said John E. West and J. Williams, executors of Blackman Lee, to show cause before the clerk why leave to issue execution in enforcement of their judgment should not be given. The motion for leave was heard on December 29, 1879, the executors making no resistance thereto, and the clerk allowed execution to issue within three years thereafter, against all except the said Noel Jones, who pleaded his discharge in bankruptcy, and as to him it was refused.

On May 12th, 1881, the present suit was commenced by the plaintiff (during the progress of which the name of Henry Lilly as a co-plaintiff was stricken out) against the defendants, said executors, and the devisees and heirs at law of the testator Blackman Lee, to whom, it is alleged, real estate has come, subject to the lien of the judgment, and to enforce the same according to C. C. P., Title XIV, chap. 2, §§318 to 324 then in force but not brought forward in *The Code*.

A series of answers were put in, in all of which, among other defences, specially relied on by some of the defendants also, they rely upon a lapse of ten years as a bar to the action, and, except one answer, the extinction of the judgment lien by expiration of time during which it continues in force. It does not appear that any execution did issue within the three years next after the order of the clerk, nor indeed at any time before the bringing of the present suit, whose manifest purpose is to uphold the judgment lien by the issue of process to sell the testator's land; and so the judgment rendered directs the issue of execution "*against the real and personal estate of Blackman Lee, at the date of docketing the said judgment.*" Was the judgment, overriding both defences arising out of the lapse of time, regular and right upon the facts stated? This is the inquiry presented in the defendants' appeal. The argument in support of the ruling attempts to eliminate from the count of time the three years

from the grant of letters testamentary or of administration before which an action could not be begun. insisting that this suspending interval interrupted the running of the statute as well to the lien as to the remedy.   C. C. P., §319. The only provision, which occurs to us, as having the effect of prolonging the lien, is found in section 254 of C. C. P., which declares that, "the time during which the party recovering or owning such judgment shall be, or shall have been, restrained from proceeding thereon by an order of injunction or other order, or by the operation of any appeal, shall not constitute any part of the ten years aforesaid as against, &c.; and further, that when on such an appeal, undertaking is given, as is requisite to stay execution, and an entry on the docket of such judgment made, the lien "shall cease, during the pendency of such appeal, to be a lien on the real property of the judgment debtor as against purchasers and mortgagees in good faith." §254.   None of these circumstances interpose in the present case, and we by no means concur in the suggestion that the vitality of the lien is extended by the limitations in the section authorizing this proceeding.   The creditor is not deprived of his remedy and compelled to wait.   He has direct access to the personal representative and the estate in his hands, and if, by reason of the insufficiency of the personal assets, resort must be had to the land, the lien will be recognized and the creditor will be first entitled to have his judgment satisfied out of the proceeds of the land to which the lien adheres.   *Murchison* v. *Williams*, 81 N. C., 135; *Mauney* v. *Holmes*, 87 N. C., 428; *Sawyer* v. *Sawyer*, 83 N. C., 321.

The repeal of the act giving a direct remedy against a deceased debtor's land transmitted with the encumbrance, indicates an intention to leave the administration entirely in the hand of the representative, and the repealed provisions merely added to the creditor's remedies in case of delay, and even then the representative is before the Court, so that if

he has applicable and unappropriated assets, he may be compelled to pay the debt and *pro tanto* exonerate the descended and devised lands.

The ten years from the docketing of the judgment expired, even if the reckoning excludes the interval from that period to the first day of January, 1870, which result we do not mean to admit is produced by the suspension of the running of the statute of limitations, before the summons issued in the present case, and this is lost by the efflux of time.

But not less fatal is the objection founded on the limitation put upon the remedy. The bar is as effectual when it can be interposed by plea or answer to a motion to revive a dormant judgment that execution may issue, as to an independent action upon the judgment itself. *McDonald* v. *Dixon*, 85 N. C., 248, reheard and reported in 87 N. C., 404. Nor is it suggested that its running is arrested upon any of the grounds mentioned in C. C. P., ch. 3, §§41 to 54 inclusive.

There was error therefore in adjudging that process issue to enforce the expired lien, or that execution should issue at all.

It is true the validity of the judgment is preserved by frequent issues of executions, and may be sued out and acted on without regard to the lien, so as to subject such property of the judgment debtor as was liable to seizure and sale, but even this is lost as to the land after the death of the debtor. *Sawyer* v. *Sawyer*, 83 N. C., 321; *Lytle* v. *Lytle*, 94 N. C., 683.

The judgment must be reversed, and a new trial awarded, to which end this will be certified.

Error.						*Venire de novo.*