J. A. ADAMS, Adm'r, v. WILLIAM GUY et al.

*Judgment Docketed — Justice of the Peace—Statute of Limita-
tions—Execution—Leave of Court.*

1. A judgment was obtained before a Justice of the Peace in 1878 on a
   prior judgment, also obtained before a Justice of the Peace; the
   last judgment was docketed in the Superior Court, and in 1886
   leave was obtained, after objection, to issue execution: *Held*, that
   the leave was properly granted.

2. A judgment docketed in the Superior Court, as prescribed by statute,
   becomes " a judgment of the Superior Court in all respects."

3. Leave to issue execution upon a judgment so docketed may be
   granted at any time within ten years from the docketing.

4. The motion for leave was made in apt time, though the ten years
   expired pending the appeal, and though it appears that no under-
   taking was given.

5. The time during which the judgment creditor was restrained by the
   operation of the appeal is not to be counted, as the appeal had the
   effect to prevent the issuing of execution within the time pre-
   scribed.

MOTION for leave to issue execution, heard before *Arm-
field, J.*, at Fall Term, 1889, of HARNETT Superior Court.

The plaintiff obtained a judgment in the county of Har-
nett, in the Court of a Justice of the Peace, against the defend-
ants, on the first day of June, 1878, founded on a former
similar judgment, for $46.04, with interest from the 19th of
May, 1867, till paid, and for costs, $1.60, on which was a
credit. This judgment was duly docketed in the office of
the Superior Court Clerk of that county on the 3d day of
June, 1878.

On the first day of April, 1886, the plaintiff moved, before
the Clerk of said Superior Court, for leave to issue execution
upon the said judgment. The defendants opposed this
motion, upon the ground that the judgment was barred by

the statute of limitations (*The Code*, § 153, par. 1). The Clerk allowed the motion, and the defendants appealed to the Judge in term time. In term, the Court held that the judgment was not barred by the statute mentioned, or at all, and allowed the motion, and the defendants, having excepted, appealed to this Court.

*Mr. S. F. Mordecai*, for plaintiff.
*Mr. T. R. Purnell*, for defendants.

MERRIMON, C. J.: The statute (*The Code*, § 153, par. 1) prescribes that "An action on a judgment rendered by a Justice of the Peace" must be brought within seven years next after "the date thereof," else the same will be barred. Hence, the judgment of the plaintiff was barred by the statute at and before the time he made his motion for execution, unless the docketing of the same in the office of the Clerk of the Superior Court had the effect to render it such a judgment of that Court as could be barred only by the lapse of ten years next after the rendition thereof.

The statute (*The Code*, § 839), provides that a judgment of a Court of a Justice of the Peace may be filed and docketed, in the way prescribed, in the office of the Clerk of the Superior Court of the county where the judgment was rendered, and that, from the time of such docketing, it "shall be a judgment of the Superior Court in all respects." The clause of the statute just quoted has been repeatedly interpreted by this Court, and it has been held uniformly that the purpose of such docketing of the judgment of the Court of a Justice of the Peace is to create a lien on real estate and have execution to enforce the same, in the same way and within the same time as if the judgment had been given originally in the Superior Court.

In *Broyles* v. *Young*, 81 N. C., 315, this Court said, and decided, that a transcript of a judgment of a Justice of the

Peace; filed and docketed in the office of the Superior Court Clerk of the proper county, made it a judgment of such Superior Court "for the purposes of lien and execution, enforcible on the same property by the same kind of executions, and issuable within the same limitations as by law is prescribed for the lien and enforcement of the proper judgments of the Superior Court, including the power in the Clerk of the Court, on notice to the adverse party, to grant execution after the judgment became dormant, as provided for in the Code of Civil Procedure, § 256." This is certainly so, if the judgment of the Justice of the Peace was not dormant at the time it was so docketed. *Williams* v. *Williams*, 85 N. C., 383. In this case, the judgment was so docketed within a few days next after it was rendered, and no question as to its dormancy arose. The case of *Broyles* v. *Young*, *supra*, has been repeatedly recognized, and in no subsequent case disregarded. We are not at liberty to disturb what was decided by it. We cite further, as bearing on the subject under consideration, *Spicer* v. *Gambill*, 93 N. C., 378; *Coates* v. *Wilkes*, 94 N. C., 174; *Lytle* v. *Lytle*, *ibid.*, 683; *Lilly* v. *West*, 97 N. C., 276.

It appeared that the plaintiff's application for leave to issue an execution upon his judgment was made before the Clerk of the Superior Court in which his judgment was docketed, on the first day of April, 1886, and within ten years next after it was so docketed. The order of the Clerk, therefore, allowing execution to be issued, which was affirmed by the Judge, upon appeal to him, as so affirmed, must be affirmed by this Court.

On the argument, the counsel for the defendant contended that, as it appears from the record that the lapse of ten years next after the judgment was docketed was complete pending the appeal, therefore the plaintiff's right is barred by such lapse. He insisted that the appeal did not suspend the run

ning of the statute as to the judgment during its pendency, especially as the appellant gave no undertaking upon appeal from the order of the Clerk of the Court. This contention is without substantial foundation. The motion for execution was properly made before the Clerk, and he, acting for the Court, had authority to grant or deny it. *The Code,* § 440; *McKethan* v. *McNeill,* 74 N. C., 663. The statute (*The Code,* § 252) prescribes that "any party may appeal from any decision of the Clerk of the Superior Court, on an issue of law or legal inference, to the Judge, without undertaking." It appears that there was an undertaking for costs, upon appeal from the judgment of the Judge. But the undertaking upon appeal was not material in the case, as contended by the defendant's counsel, because the statute (*The Code,* § 435) prescribes, among other things, that a properly docketed judgment shall be a lien on the real property of the judgment debtor in the county where the same is docketed "for ten years from the date of the rendition of the judgment. But the time during which the party recovering or owning such judgment shall be or shall have been restrained from proceeding thereon * * * by the operation of *any appeal,* * * * shall not constitute any part of the ten years aforesaid as against the defendant in such judgment, or the party obtaining such orders or making such appeal, or any other person who is not a purchaser, creditor or mortgagee in good faith." This clause applies to the case under consideration. The appeal did not leave the plaintiff at liberty to have an execution and enforce the same during its pendency. The judgment appealed from was not one directing the judgment of money, or one that came within the statute (*The Code,* §§ 554–558) requiring a particular undertaking as prescribed, in order to stay execution pending the appeal. As the appeal had the effect to restrain and prevent the plaintiff from enforcing

his judgment by execution, the term of its pendency cannot be treated as making part of the ten years relied upon by the defendant to bar the plaintiff's right to have execution, as demanded by him.

Affirmed.