O. V. F. BLYTHE, Administrator of Rachel Gash, deceased, v.
THOMAS J. GASH, W. J. HOLDEN, et al.

*Homestead—Judgment Lien—When Enforceable.*

On March 18, 1876, a judgment was docketed against G. and a home-
stead allotted on July 31, 1876; she conveyed it to H. December
29, 1881, and died June 2, 1891: *Held*, in a proceeding by G.'s
administrator to sell the land for assets to pay the judgment, that
the lien of the judgment continued so as to be a charge upon the
land and that the administrator was entitled to sell it to pay the
judgment and costs of its enforcement.

This was a PROCEEDING, instituted by the plaintiff against
T. J. Gash, before the Clerk of the Superior Court of Hen-
derson County.   H. R. Holden and W. J. Holden, having
made affidavit that they were claimants of the land which
plaintiff asked should be subjected to the lien of the judg-
ment, were made parties defendant.   The case was certified
by the Clerk to the Superior Court, and coming on to be
heard by *McIver, J.*, at Fall Term, 1892, of HENDERSON
Superior Court, it appearing to the Court that there was no
personal estate belonging to the plaintiff's intestate, Rachel
Gash; that there existed a judgment in favor of Elias,
Cohen & Roessler against T. J. Gash and Rachel Gash, said
judgment having been duly docketed on the 18th of March,
1876, judgment docket Superior Court Henderson County;
that a homestead had been allotted to the said Rachel Gash
on the 31st of July, 1876; that the said Rachel Gash had
conveyed the said homestead so allotted on the 29th of
December, 1881, to G. W. Holden, who had subsequently
conveyed same to the defendants H. R. and W. J. Holden,
who are now in possession, and his Honor being of the
opinion that the only question at issue was "whether the
homestead conveyed by R. Gash was subject to the lien of

the judgment of Elias, Cohen & Roessler, the homestead estate of R. Gash having terminated," it was therefore ordered, adjudged and decreed that the plaintiff have judgment for the relief prayed for in his complaint, and that O. V. F. Blythe, administrator, be empowered and directed to sell the homestead conveyed by Rachel Gash, and from the proceeds of sale to discharge the lien of the judgment and costs incurred in its enforcement.

· Among the defences the defendants alleged that "Rachel Gash, deceased, was only security to the alleged creditors of her son, T. J. Gash, who is and has been for a number of years abundantly solvent and worth the said indebtedness," and that there was ample property of said T. J. Gash within reach of the creditors if they have any valid claim.

The defendants appealed from the judgment rendered.

*Mr. H. G. Ewart,* for plaintiff.

*Messrs. W. A. Smith* and *T. J. Rickman,* for defendants (appellants).

PER CURIAM : The very carefully prepared and interesting brief of the defendants' counsel has been fully considered by the Court, but fails to satisfy us that the judgment is barred or that its lien does not continue so as to constitute a charge upon the land described in the complaint. Neither do we think the liability of Mrs. Gash's estate is to be postponed under the circumstances of this case until the proceeds of the property of the alleged surety in the judgment can be followed and subjected.          Affirmed.