TOWN OF TARBORO et al. v. JAMES PENDER et al.

(Filed 17 November, 1910.)

1. Judgments—Liens—Homestead—Limitations of Actions.

In an action against the administrator and heirs at law to sell the homestead of deceased to make assets, brought by the owner of a judgment obtainel in the Superior Court, it appeared that the judgment had not been in force ten years at the death of the homesteader or at the time of the commencement of this action, excluding the time the statute was suspended by reason of the allotment of the homestead. *Held,* the lien of the judgment being in force at the time of the commencement of the action, the administrator was properly directed to pay it out of the proceeds of the sale of the homestead in its order of priority, and the statute was not in bar.

2. Same—Justice of the Peace—Superior Court—Docketing.

A judgment of a justice of the peace docketed in the Superior Court, for the purposes of the lien on the lands of the judgment debtor, becomes a judgment of the latter court; and when the time from the docketing of the judgment to the allotment of the homestead, added to the period of time elapsing since the death of the homesteader to the bringing of the action, does not exceed ten years, the statute of limitations does not bar recovery, or destroy the lien of the judgment.

3. Limitations of Actions—Suspension—Process—Summons.

When a summons issues to the administrator and heirs at law to make assets to pay a judgment debt of deceased, the statute of limitations is suspended from the issuance of the summons; and

when the judgment creditor is made a party to an action of this character, by order of court, the statute is suspended, as if upon the issuance by him of a summons.

4. Judgments—Homestead—Liens—Limitation of Actions—Administrator—Assets—Distribution—Priorities—Estoppel.

A judgment creditor sued the administrator of deceased and his heirs at law to sell the homestead to make assets. S., another judgment creditor, was made a party by the order of the court. *Held*, (1) The action was not one upon judgment, or an action to foreclose the lien of a judgment; and having taken charge of the *res*, the homestead land, and ordered it to be sold, the court will direct the proceeds to be applied in the order of the priorities of the judgments; (2) one of the judgment creditors is estopped from setting up the expiration of the liens of other judgment creditors which were valid when the property was taken charge of by the administrator under the order of the Court. *Pipkin v. Adams*, 114 N.. C., 201, and *Galloway v. Bradfield*, 86 N. C., 163, cited and distinguished.

5. Homestead—Assets—Administrator—Distribution—Procedure.

The administrator is the proper party to sell the homestead of deceased for distribution, and Revisal, 87 (5), directs the order in which the debts shall be paid.

6. Administrators — Judgments — Priorities — Death of Intestate — Limitation of Actions—Execution.

The priority among judgment creditors is determined as they exist at the death of the debtor, and the liens remain unaffected by the lapse of time thereafter while the creditor is debarred of his opportunity to enforce his claim by execution.

APPEAL by both parties from *Guion, J.,* at the April Term, 1910, of EDGECOMBE.

This was an action by plaintiff, owner of the Bruce judgment hereinafter set out, against Admr. of B. Bryan and his heirs at law, for the sale of the homestead of said Bryan, to make assets to pay the Bruce judgment; the interpleader, Shackleford, and the defendant, Fountain, declared on their judgments against Bryan.

The material facts are: Shackleford obtained two judgments before a justice of peace against Bryan, 9 January, 1883, which were on the same day docketed in the Superior Court; Bruce obtained judgment in the Superior Court 16 April, 1888, which was docketed the same day, and plaintiff is now owner of the

same; the Fountain judgment was obtained and docketed in the Superior Court 13 October, 1896. Bryan's homestead was allotted under the Bruce judgment 26 September, 1895. Bryan died 11 August, 1906, and the defendant Pender qualified as his administrator 29 September, 1908. Plaintiff commenced this action 7 October, 1908, and on 4 November, 1908, by order of Court, Shackleford was made a party to this action; he filed his complaint, setting up his judgments 9 March, 1909. The court ordered the sale of the homestead land and directed the administrator to pay out of the proceeds (1) the Shackleford judgments, (2) the Bruce judgment, held by the plaintiff, and (3) the Fountain judgment. To that part of the judgment, directing the payment of the Shackleford judgments, plaintiff excepted and appealed. The plaintiff pleaded the statute of limitations and the expiration of the lien, as to the Shackleford judgments, and the administrator and the defendant Fountain pleaded the same against both the Shackleford and plaintiff's judgment, and defendant Fountain appealed from the judgment overruling the same.

*W. O. Howard* and *F. S. Spruill* for plaintiff.
*Gilliam & Gilliam, H. H. Phillips* for Shackleford, interpleader.
*G. M. T. Fountain* for defendant Fountain.

CLARK, C. J., after stating the case. The Bruce judgment had been in force 7 years, 5 months and 11 days, at the death of Bryan, and 9 years, 7 months and 7 days at the commencement of this action, excluding the time the statute was suspended, by reason of the allotment of the homestead. The lien of the judgment, being in force at the time of the commencement of this action, the administrator was properly directed to pay out of the proceeds of the sale the liens in the order of their priority.

As to the Shackleford judgments, by virtue of their docketing in the Superior Court, they became judgments of that court for the purposes of lien and execution for ten years from the date of docketing. From the date these judgments were docketed, 9 January, 1888, to the allotment of the homestead, 26

September, 1895, was 7 years, 8 months and 19 days. From the date of Bryan's death, 11 August, 1906, to 4 November, 1908, when Shackleford was made a party to this action by the court was 2 years, 2 months and 24 days, making a total of 9 years, 11 months and 13 days, being less than the 10 years, which was necessary to destroy the lien. When a summons issues the statute is suspended though the service is later. So when the court made Shackleford a party, and directed notice to be issued to him, the statute was suspended just as if a summons had been issued.

This was an action in the nature of a creditor's bill to compel the administrator to sell the homestead, to make assets, to pay judgments. *Oldham v. Rieger,* 148 N. C., 548; *Hancock v. Wooten,* 107 N. C., 19. When the court took control of the property through this proceeding, the lien of the Bruce judgment was still in force, and when the court made Shackleford a party, his lien was also still valid, and the court will apply the proceeds in the order of the priority of the liens in force. This is not an action upon a judgment, neither is it an action to enforce the lien of a judgment, as in *Lilly v. West,* 97 N. C., 276. But here the court having taken charge of the *res,* the homestead land, and ordered it to be sold, will direct the proceeds to be applied in the order of their priority. By virtue of this proceeding, the plaintiff was debarred from enforcing his judgment by execution, as was also Shackleford from the date he was made a party to the proceeding, therefore, the statute did not run against him after those dates. *Adams v. Guy,* 106 N. C., 275.

The administrator is the proper party to sell the homestead land for distribution among judgment creditors. *Blythe v. Gash,* 114 N. C., 659; *Springs v. Pharr,* 131 N. C., 191. Revisal, 87 (5) directs the order in which the debts of the decedent shall be paid by his representative. In class 5, the order of payment is thus prescribed: "Judgments of every court of competent jurisdiction within this State, docketed and in force, to the extent to which they are a lien on the property of the deceased, at his death." The priority among judgment creditors is to be determined as they exist, *at the death of the debtor,*

and the liens remain unaffected by the lapse of time thereafter, when, as here, the creditor is debarred of an opportunity to enforce his claim by execution. *Mauney v. Holmes,* 87 N. C., 428; *Daniel v. McLaughlin, ib.,* 433; *Galloway v. Bradfield,* 86 N. C., 163.

There is a broad distinction between the rules governing the application by a sheriff of funds raised by sale under several executions, one or more of which have become barred before the sale, *Pipkin v. Adams,* 114 N. C., 201, by the expiration of the judgment lien upon which the execution issued, and the distribution of assets by a personal representative, which, as was held in *Galloway v. Bradfield, supra,* the administrator must pay according to the priorities at date of death of debtor. The defendant Fountain is estopped from setting up the expiration of the liens, which were valid when the property was taken charge of by the administrator, under the orders of the court. Otherwise, his mere resisting the judgment to sell would make the other liens invalid, and his own lien good. When execution issues and the lien of the judgment expires before the sale this is by operation of law and not caused by the delay resulting from the resistance of the other party.

The judgment below is

Affirmed.

### APPEAL BY G. M. T. FOUNTAIN.

*G. M. T. Fountain & Son* for appellant.
*W. O. Howard* and *F. S. Spruill* contra.

PER CURIAM. The opinion of the court in the appeal of the Town of Tarboro in this action is decisive of the appeal of the defendant Fountain and the judgment of the Superior Court as to said Fountain, is also

Affirmed.