OLD DOMINION PANTS COMPANY v. J. H. MEWBORN ET ALS.

(Filed 1 November, 1916.)

**1. Judgments—Justices of the Peace—Superior Court—Docketed.**

A judgment of a justice of the peace, docketed in the Superior Court, becomes a judgment of the Superior Court for the purposes of lien and execution, and is enforcible on the same property, by the same kind of execution, within the same limitations prescribed by law for the enforcement of judgments rendered in the Superior Court, and can be revived, when dormant, in the same way.

**2. Same—Dormant Judgments—Executions—Revisal—Statutes.**

A judgment becomes dormant by the failure to issue execution thereon within three years, or by allowing this period of time to elapse between the issuance of successive executions; and where the judgment is one of a justice of the peace, docketed in the Superior Court, and has become dormant, it may be revived under Revisal, sec. 620, within ten years from its rendition, and execution may issue thereon though the proceeding to revive is commenced after seven years.

**3. Same—Expiration of Lien—Execution—Levy.**

Execution on a judgment may issue from the Superior Court against real and personal property after the expiration of ten years, where the judgment has not become dormant, by the issuance of successive executions or when it is revived under Revisal, sec. 620; but after the ten-year period the lien of the judgment has ceased, and it can only be acquired from the levy.

**4. Judgments—Assignments—Executions.**

A transfer and assignment of a judgment, in writing, filed in the record and noted on the docket in the Superior Court, is sufficient, and the assignee thereof is entitled to the same right to issue execution thereon as his assignor thereof; and the fact that he has asked, by affidavit, for an amendment to the judgment does not preclude him from resorting to the regular process of the courts to enforce it.

APPEAL from *Connor, J.*, at chambers, 17 December, 1915; from LENOIR.

This is a motion to recall an execution issued to enforce the collection of a money judgment. The material facts are as follows:

The plaintiff recovered judgment against the defendant before a justice of the peace of Lenoir County on 26 September, 1904, for $102.45, and this judgment was immediately thereafter docketed in the Superior Court of Lenoir County; that no execution issued on said judgment until 22 April, 1913; that on the first day of April, 1913, a proceeding was begun under section 620 of the Revisal to revive the judgment, and on 21 April, 1913, the judgment was duly revived and an execution issued on the following day; that on 16 August, 1915, the plaintiff in the judgment duly transferred and assigned said judgment for value to J. P. Lynch and fully authorized and empowered him to have execution issued upon the judgment and to collect the same; that said transfer and assignment of the judgment was in writing and was filed in the record and noted on the docket; that on 16 September, 1915, within three years from the time said judgment was revived and execution issued thereon, another execution was issued on said judgment returnable to the November Term, 1915, of the Superior Court of Lenoir County; that on 21 September, 1915, the defendant filed his petition before the clerk asking that said execution be recalled, upon the ground that the plaintiff had lost his right to enforce the same by lapse of time. The clerk allowed the motion, and the plaintiff appealed to the judge. The judge reversed the action of the clerk and held that the plaintiff was entitled to have execution issued, and the defendant excepted and appealed.

*G. G. Moore for plaintiff.*
*Rouse & Land for defendant.*

ALLEN, J. When a judgment of a justice of the peace is docketed in the Superior Court it becomes a judgment of the Superior Court for the purposes of lien and execution, enforcible on the same property, by the same kind of executions, within the same limitations prescribed by law for the enforcement of judgments rendered in the Superior Court, and can be revived, when dormant, in the same way. *Broyles v. Young,* 81 N. C., 315; *Adams v. Guy,* 106 N. C., 277.

If no execution issues on the judgment within three years from the docketing, or if that length of time is permitted to elapse at any time within the ten-year period, which is the time during which the judgment is a lien under the statute, the judgment is dormant; but it may be revived under Revisal, sec. 620, and execution may issue thereon

although the proceeding to revive is commenced after seven years, the time which bars an action on a justice's judgment. *Adams v. Guy,* 106 N. C., 277.

The lien of the judgment expires after ten years; but if the judgment is not then dormant execution may issue thereon against real and personal property, which will not, however, be a lien except from the levy. *Williams v. Mullis,* 87 N. C., 159; *Spicer v. Gambill,* 93 N. C., 378; *Heyer v. Rivenbark,* 128 N. C., 272; *Wilson v. Lumber Co.,* 131 N. C., 166.

"If the plaintiff, or owner of the judgment, has caused executions to be issued regularly within the successive three years, he may issue without motion or order after the expiration of ten years, although the lien may be gone, and levy on land or personalty." *Barnes v. Fort,* 169 N. C., 434.

The language in the quotation, which is to be found in several cases, "has caused executions to be issued regularly within the successive three years," was intended to indicate that under those conditions the judgment would not be dormant, and not to exclude the idea that the same result would follow if the judgment had become dormant and was revived.

In *Wilson v. Lumber Co.,* 131 N. C., 167, the judgment was revived, and execution was issued after ten years, and this was recognized as regular, the Court saying: "The execution issued on the revived judgment has lien only from its levy, and by virtue of the levy, and not by virtue of his docketing the judgment in 1889."

It was not necessary to make any change in the judgment to show that Lynch had bought it, and the fact that he asked for it to be amended in his affidavit does not preclude him from resorting to the regular process of the courts to enforce it, as his motion, if insisted upon, would not be an action on the judgment.

Affirmed.