MARTHA J. ALDRIDGE, Widow, v. C. H. DIXON, Receiver of the FIRST NATIONAL BANK OF DURHAM. N. C.; NORTH CAROLINA JOINT STOCK LAND BANK OF DURHAM, W. P. HARDY, Mortgagee, GEORGE E. SUTTON and CLAUDE ALDRIDGE, Partners, Trading as LENOIR HARDWARE COMPANY, MOLLIE DAWSON ALDRIDGE, Widow of G. T. ALDRIDGE, Deceased; HARRY ALDRIDGE, KATHLEEN ALDRIDGE and G. T. ALDRIDGE, Jr., the Last Three Named Being Minors of the Ages of Seventeen Years, Fourteen Years, and Four Months, Respectively; and W. C. DOUGLASS, Guardian Ad Litem for Said Infant Defendants, HARRY ALDRIDGE, KATHLEEN ALDRIDGE and G. T. ALDRIDGE, Jr.

(Filed 13 December, 1933.)

1. **Limitation of Actions B a—Action against land to enforce decree for owelty accrues from date of judgment.**

   Where a petition in partition is filed, and the petitioners enter into possession of their respective shares, in accordance with the judgment of partition therein entered, and it is therein provided that the widow of the intestate should receive a certain sum monthly in lieu of dower, which sum is made a lien upon the lands, an action by the widow to enforce her claim against the land is barred after the lapse of more than ten years from the partition and decree of owelty, C. S., 445, and the fact that a second decree of confirmation was entered in the case several years thereafter for the purpose of recording the papers, the original papers having been destroyed by fire, does not alter this result.

2. **Appeal and Error E g—**

   The record on appeal imports verity.

3. **Appeal and Error J g—**

   Where plaintiff's cause of action is barred by the statute of limitations set up by defendant, other defenses interposed by defendant need not be considered.

APPEAL by plaintiff from *Harris, J.*, at June Term, 1933, of LENOIR. No error.

An agreed statement of case on appeal, in part, is as follows: "This action was instituted by the plaintiff for the purpose of enforcing a lien

claimed by her against the land described in the complaint by virtue of an award to her in lieu of dower and made a charge upon the land described in the complaint. Under a petition for partition filed in November, 1920, *and a subsequent and similar petition for partition* filed in 1925, and under a report of commissioners and judgment of partition and decree of confirmation in said proceeding, the plaintiff was awarded an annuity in lieu of dower of $100.00 per year so long as she should live, against the land described in the complaint, the plaintiff claiming that nothing had ever been paid to her on account thereof, and that the lands should be subjected to the payment thereof, and that her lien was a first lien against the same. The contentions of the parties sufficiently appear from the pleadings, which are set forth in full in the record," etc.

The reason for the *subsequent and similar* petition for partition, filed in 1925, was: "That on account of the fact that a part of the records in the foregoing proceeding had been destroyed by fire." In regard to the "foregoing proceeding" the record discloses "that the report of said commissioners was duly confirmed, but the said report of said commissioners and the decree of confirmation thereof were never recorded, but were carried to the office of Moore & Croom in the building in Kinston, known as the Hunter Building, which was burned and the said report of commissioners and confirmation thereof were destroyed."

The record also discloses that "said commissioners being the same commissioners theretofore appointed under the said former proceeding, and a new report was filed by said commissioners, showing their division of said lands made during the year of 1920, and the allotment of an annuity to the said Martha J. Aldridge against each of the tracts of land allotted to the several tenants in common in lieu of dower."

The defendants set up four material defenses: "(1) The 3, 7 and 10-year statutes of limitation; (2) The failure of the clerk to cross-index the charge against the land; (3) The plaintiff 'agreed and did relinquish and waive any right or interest which she had, or might hereafter acquire, in and to the land described in the complaint, which agreement is pleaded in bar of the plaintiff's right to recover.' (4) The execution of a deed of trust from G. T. Aldridge and wife to W. H. Allen, trustee for Martha J. Aldridge, to secure the sum of $1,083.15, which defendants allege was given in satisfaction and release of any past or future indebtedness 'created by reason of the charge referred to in the complaint against the tract of land allotted to G. T. Aldridge.' "

In the answer C. H. Dixon, receiver of First National Bank of Durham, N. C., trustee for the Joint Stock Land Bank of Durham, who claimed priority of lien over plaintiff by deed in trust made by G. T. Aldridge and wife Mollie Dawson Aldridge, to secure $1,500, recorded 31 July, 1926, Book 91, page 238, registry for Lenoir County, N. C., is

16—205

the following: "That if the plaintiff had any cause of action against these defendants, which is specifically denied, then the said cause of action accrued more than ten years prior to the institution of this action; and the ten-year statute of limitations, as provided by C. S., 445, and other provisions of the statutes, is hereby specifically pleaded in bar of the right of the plaintiff to recover against these defendants, or to charge said land as prayed for."

The following judgment was rendered in the court below: "This cause coming on to be heard, and being heard at this the June Term, Superior Court of Lenoir County, before his Honor, W. C. Harris, judge, and the court being of the opinion at the close of plaintiff's evidence that she is not entitled to recover: It is now, therefore, upon motion of counsel for the defendants, considered, ordered and adjudged that this action be and the same is hereby dismissed as of nonsuit and that the plaintiff pay the costs to be taxed by the clerk."

Plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court. The necessary one and relevant facts will be considered in the opinion.

*Dortch & Smith and Wallace & White for plaintiff.*
*Langston, Allen & Taylor for defendants.*

CLARKSON, J. For a decision of this action we think it necessary to consider only one aspect of this controversy: Was plaintiff's action barred by the ten-year statute of limitations, C. S., 445? We think so.

In *Moore v. Charlotte,* 204 N. C., 37 (39), is the following: "Where the defendant properly pleads a statute of limitations the burden is on the plaintiff to show that the action was brought within the time limit fixed by the statute pleaded, or in other words it is not barred by the statute that is pleaded. *Tillery v. Lumber Co.,* 172 N. C., 296; *Marks v. McLeod,* 203 N. C., at p. 258-9." *Wilkes County v. Forester,* 204 N. C., 163 (165) ; *Drinkwater v. Tel. Co.,* 204 N. C., 224.

The plaintiff in her brief says: "The right of the plaintiff to enforce her lien upon the land is barred only in ten years from the signing of the decree of confirmation, and the decree of confirmation was signed in 1925, and this action was instituted in August, 1932. Therefore, the defendants' plea of the ten-year statute avails them nothing. It may be contended by the defendants and it was so argued by them in the court below, that the charge which plaintiff seeks to enforce is a charge of owelty of partition. Even if the court should so construe this charge it is enforceable as such at any time within ten years after the signing of the decree of confirmation. McIntosh, sec. 940, p. 1065; *Ex Parte Smith,* 134 N. C., 495; *Herman v. Watts,* 107 N. C., 649."

We set forth what this Court said in *Smith, Ex Parte, supra,* at p. 500-1: "We cannot see why the statute should not apply. It is true the charge rests upon the land alone, and it has been said that the land is the debtor and that there is no personal liability of its owner. But how can this affect the question one way or another. The statute, whether of presumptions or limitations, operates against the actor or the party who must seek to apply the remedy and it affects only the remedy. If, therefore, he who has the right to enforce the charge against the land delays in doing so for the time limited by the statute, the bar operates without regard to the particular nature of the charge or lien which is to be enforced or even to the form of the remedy. It is a familiar principle that the statute of limitations affects not the right but the remedy. Besides, so far as the nature of the lien or charge is concerned, if we consider the matter with reference to that alone and without regard to the remedy, the case comes not only within the spirit but within the letter of the statute, which decree shall be barred if it is not brought within ten years from the date of the rendition of the same." *Lilly v. West,* 97 N. C., 276 (279); *McLeod v. Williams,* 122 N. C., 451; *Bank v. Swink,* 129 N. C., 255; *Hyman v. Jones, ante,* 266.

The plaintiff testified, in part: "After the division of the land under the petition recorded 15 December, 1920, and recorded in orders and decrees, K, pages 16 to 19, each one of the children went into possession of his respective share of land under said petition, that is, all that were of age. . . . My son, G. T. Aldridge, went into possession of his share allotted to him in the fall of 1920, right after it was divided. He remained in possession until 1931, when he died."

The plaintiff contends that: "The defendants, in pleading the ten-year statute, evidently overlooked the fact that the only decree on record confirming the division was rendered in 1925, from which time the statute would begin to run."

In answer, the defendants in their brief say: "It is apparent, therefore, that counsel for the plaintiff have switched their position considerably since the trial of this cause as will appear from their brief in that they now take the position that the proceeding under which they claim was begun in 1925. They undoubtedly see that if their first position was insisted upon that the statute of limitation bars their claim for more than ten years has elapsed since the first order of confirmation. The second proceeding referred to in 1925, as will appear from the complaint, was simply in the nature of reinstating and supplying the lost papers for the purpose of recording same."

The summons in this action was issued 15 August, 1932. The record discloses that the petition for partition was filed in November, 1920, and plaintiff testified that G. T. Aldridge went into possession of his

share allotted to him in the fall of 1920, right after it was divided. The record also discloses "showing their division of said lands made during the year 1920."

We are bound by the record, it imports verity and we cannot go behind it. "The Supreme Court, on appeal, is bound by the record." *Higgs-Taft Furniture Co. v. Clark,* 191 N. C., 369; *Fochtman v. Greer,* 194 N. C., 674.

It is a serious question if the other defenses set up by defendant are not also available, but we need not consider them, as the defense of the statute of limitation bars plaintiff's right to recovery. In law we see

No error.