ROBERT H. LYON v. MATTHEW W. RUSS.

*Execution Sale—Statute of Limitations—Judgment Lien—Notice.*

1. A sale of land under execution issued more than ten years after the docketing of the judgment is invalid. The principle announced in *Pasour* v. *Rhyne*, 82 N. C., 149, affirmed. (C. C. P., § 254.)

2. A purchaser at such sale (the execution containing the date of docketing the judgment) is affected with notice of the expiration of the judgment lien, and stands in no better condition than the plaintiff in the action when he is the purchaser.

(*Pasour* v. *Rhyne*, 82 N. C., 149, cited and approved.)

CIVIL ACTION to recover land, tried at Fall Term, 1880, of BLADEN Superior Court, before *Avery, J.*

The plaintiff claimed title under a deed executed to him by W. G. Sutton, sheriff of Bladen county, dated September 1st, 1879. He was a purchaser at the sheriff's sale of the land in controversy, by virtue of an execution, issued July 3d, 1879. The judgment upon which said execution issued

and said sale was made was rendered by a justice of the peace of Bladen county in July, 1868, on an open account dated in the year 1865; and said judgment was received by the clerk of the superior court of said county and docketed by him in said court on the 1st of January, 1869.

An execution was issued on the judgment, January 1st, 1869, returnable to the ensuing spring term of said court; a second execution was issued on the 28th day of November, 1874, and no other execution was issued, except that on the 3d of July, 1879, by virtue of which the sale was made. It was also in evidence that the land described in the plaintiff's deed had been allotted to the defendant as a homestead in November, 1868, and the report of the commissioners alloting the same, was registered on December 14th, 1868.

His Honor having intimated that he would hold that the sale made under the execution, issued more than ten years after the docketing of the judgment, was not valid, the plaintiff submitted to a nonsuit, and appealed.

*Messrs. C. C. Lyon* and *W. A. Guthrie*, for plaintiff.
*Messrs. Stedman & Latimer*, for defendant.

ASHE, J.   We concur with His Honor in the opinion intimated by him on the trial below, in regard to the validity of the sale, and it is therefore unnecessary to consider the other question presented on the appeal respecting the homestead.

It is provided by section 254 of the Code that a docketed judgment shall be, " a lien on the real property in the county where the same is docketed, of any person against whom any such judgment shall be rendered, and which he may have at the time of the docketing thereof in the county in which such real property is situated, or which he shall acquire at any time for *ten years* from the time of docketing the same in the county where the judgment roll was filed."

An interpretation has been given to this section, by this court, in the case of *Pasour* v. *Rhyne*, 82 N. C., 149, where it is held that it is the judgment alone which creates a lien on real property, and the office of the execution issued upon a docketed judgment is to enforce the lien by the sale of the land upon which it has attached, and that the lien of a judgment, docketed under this section, is lost by the lapse of ten years from the date of the docketing of the judgment; and this, notwithstanding execution has issued within the ten years. This authority is directly in point, and settles the question.

The sale of land under an execution is different under the present system from what it was formerly, so far as the rights of a purchaser under a dormant judgment are concerned; for now, as the execution contains the date of the docketing of the judgment, the purchaser is affected with notice and stands in no better condition than the plaintiff in the action when he is the purchaser.

There is no error. Let this be certified to the superior court of Bladen county, &c.

No error.                  Affirmed.