SAMUEL BARNES v. R. H. HŸATT.

*Executions— Title of Purchaser.*

1. Irregularities alleged to have occurred before the issuing of an execution, nor the dormancy of the judgment, not known to the purchaser, do not invalidate his title.

2. The designation of particular land, defined in the levy of a *vend. ex.* only limits the authority of the sheriff, and cannot be prejudicial to the debtor.

3. The court intimate that a levy, by virtue of an execution under the Code, is an appropriation of the land to the debt, requiring its sale before resorting to other lands to which some equitable right has attached.

(*Rutherford v. Raburn,* 10 Ired., 144; *Green* v. *Cole,* 13 Ired., 425; *Hardin* v. *Cheek,* 3 Jones, 135; *Chasteen* v. *Phillips,* 4 Jones, 459, cited and approved.)

EJECTMENT tried at Spring Term, 1882, of CHEROKEE Superior Court, before *Gilliam, J.*

The plaintiff appealed.

No counsel for plaintiff.
*Messrs. Battle & Mordecai,* for defendant.

SMITH, C. J. The case sent up is so imperfect in its statement of fects, that we may perhaps misapprehend them. It does not appear that the judgment recovered or the suc-

cessive executions issued upon it, were against the person whose land was sold, nor whether he is the defendant in the present suit. We understand that the executions issued against the defendant who owned the land, and the appeal was intended to present the effect of the several processes in conferring upon the sheriff the right to sell, and the ruling of the court in relation thereto.

The judgment was recovered by George W. Swepson in the county court of Alamance, at its session held in June, 1866. In June, 1871, it was docketed, from a transcript, in the superior court of Cherokee.

On August 5, 1882, a *fieri facias* was issued from the superior court of Alamance to the sheriff of Cherokee, who made a levy on the land on August 26th, and returned it with his endorsement, " too late to sell."

On September 12th following, a *venditioni exponas* issued to the same officer, who made return, " suspended by order of the plaintiff."

On March 5th, 1873, a second *fi. fa.* was sued out, but indulged; and on May 11th, 1877, another *vend. ex.* was sued out of Alamance superior court, directed and delivered to the sheriff of Cherokee, reciting the levy made in August, 1872, and commanding him to sell the described land, pursuant to which it was sold and conveyed to the plaintiff.

Upon these facts the court was of opinion and adjudged, that no title passed to sustain the action, and gave judgment against the plaintiff for cost, from which he appeals.

It does not appear that any of the alleged irregularities, ante-dating the suing out of the writ under which the sale was made and the land conveyed, were known to the purchaser, the plaintiff in the present action, and a stranger to the other. And it is well settled that such a purchaser, in order to a recovery, is only required to show an execution regular in form, and issued from a court of competent jurisdiction to award it; a sale thereunder in the manner

prescribed by law; and the sheriff's deed of conveyance. *Rutherford* v. *Raburn*, 10 Ired., 144; *Green* v. *Cole*, 13 Ired., 425; *Hardin* v. *Cheek*, 3 Jones, 135.

The only inquiry then is the sufficiency, in form, of the writ to confer authority upon the officer to make the sale, since what transpired before and the dormancy of the judgment, not known to the purchaser, cannot be used to invalidate his title under the sale and deed.

As the levy on land presumes the want of personal goods, the purchaser is not bound to prove the fact on the trial of a case involving his title to land sold under such a writ. *Chasteen* v. *Phillips*, 4 Jones, 459.

The execution prescribed by the Code, § 261 (1), requires the officer, where sufficient personal property cannot be found, to satisfy the same " out of the real property belonging to the judgment debtor on the day when the judgment was docketed in the county, or at any time thereafter;" and the present execution commands the sale of land then in the county, described and defined in the levy, and therefore included in the broader words of the statute. The levy, if improper, is but superfluous; and the designation of particular land only gives a more limited scope and authority to the process than the law permits, and cannot be prejudicial to any right of the judgment debtor.

It does not appear that the tract described in the order of sale did not constitute all his real estate in Cherokee; and hence in practical results, the writ with its restricting terms would be as far-reaching and comprehensive as if it had pursued the very words of the statute. If in fact the debtor owned other lands in that county, he at least has little cause of complaint that they are left out of the writ, and remain in his hands undisposed of.

We have intimated that a levy, by virtue of an execution under the Code, may be an appropriation of the land to the debt, and require, if preserved, its prior sale for the

satisfaction of the judgment before resorting to other lands to which some equitable subordinate right has attached; but if not, this action at most is but a nullity, not impairing the efficacy of the execution which is in substance, in application to land, but a general order of sale of undescribed lands acquired by the debtor and held when the judgment was docketed, or acquired afterwards.

There is error, and must be a new trial. It is so adjudged, and let this be certified.

· Error.                                                      · *Venire de novo.*