R. A. COBB, Adm'r, v. J. C. HALYBURTON et als.

*Homestead—Statute of Limitations—Reversionary interest—Petition to sell land for assets.*

1. The act declaring that the statute of limitations shall not run against any debt owing by the holder of a homestead, which is affected by the act forbidding the sale of the reversion (Bat. Rev., ch. 55, sec. 26), has been repealed.

2. The statute begins to run against such debts from November 1, 1883, when the repealing act went into effect.

3. The allotment of homestead is not *ipso facto* void even against debts contracted prior to the adoption of the constitution.    It becomes so only when the debtor has no other property, which can be subjected to the payment of such debts.

4. In 1869, the plaintiff's intestate obtained judgments against the ancestor of the defendants, on debts contracted in 1866, and a homestead was allotted to the defendant, which, at his death, was re-allotted to his infant children, the present defendants.    A petition was filed by the debtor's administrator to sell the homestead to make assets to pay the judgments; *Held*, 1st, that by assenting for so long a time to the homestead allotment, and by availing themselves of the provision of the statute, which prevented their judgments from being barred, the creditors were precluded from denying the right of the infants to the homestead; 2d, that the creditors were entitled to have the reversion after the determination of the homestead, not the absolute estate in the land, sold to pay their debts.

(*McDonald* v. *Dickson*, 85 N. C., 248; *Albright* v. *Albright*, 88 N. C., 238; *Markham* v. *Hicks*, 90 N. C., 204, cited and approved).

The executors of Jacob Harshaw, at Fall Term, 1869, of the Superior Court of Burke, recovered two judgments on bonds for the payment of money, executed on September 15th, 1866, to their testator, against Jacob B. Kincaid and others, the co-obligors not being the same on each, and were unable to obtain satisfaction upon executions sued out thereon. In September, 1869, the debtor's homestead and personal property exemptions were laid off to him. He died in 1872, and the homestead exemption was again laid off for the benefit of his infant children, the youngest of whom was born on July 18th, 1867. In April, 1876, his surviving widow also died. Successive writs of execution were issued against the debtor during his life, and against his administrator, the plaintiff in this proceeding, since his death down to the last, which issued on November 23d, 1881, all of which, as appears by the sheriff's returns, were fruitless of result. The plaintiff, having no assets with which to pay the judgments, instituted proceedings in the Superior Court before the clerk, against the heirs-at-law of the intestate, for the sale of his descended land and its conversion into assets for the payment of the aforesaid judgments, and they resist the action, upon the ground that they are barred by the lapse of time, and they claim that this defence is open to them when it is attempted to subject their lands to the payment of the debts.

The present suit was commenced by a summons issued on June 5th, 1882, at the instance of the administrator of Kincaid, to whom letters issued on the 29th day of November, 1875, more than three years after the intestate's death.

The clerk of Burke county having an interest in the testator's estate, the cause was removed and committed to the jurisdiction of the Superior Court of Caldwell, on the hearing before the clerk of which court, it was adjudged that the plaintiff was not entitled to the relief demanded and that the defendants go without day and recover their costs.

Upon the plaintiff's appeal to the judge, he affirmed the ruling and rendered judgment dismissing the petition with costs, and therefrom the plaintiff again appeals to this court.

*Messrs. Fuller & Snow* and *E. C. Smith,* for the plaintiff.
*Mr. John T. Perkins,* for the defendants.

SMITH, C. J. (after stating the facts). The only question presented for consideration is, whether the debts reduced to judgments are entitled to be paid from the real estate, and this defence be open to the heirs-at-law.

The act of 1869–'70, found in Bat. Rev., ch. 55, sec. 26, forbids the sale under execution for any debt, of "the reversionary interest in any lands included in a homestead," until after its termination, and meanwhile, "that the statute of limitations shall not run against any debt owing by the holder of the homestead affected by this section during the existence of his interest in the homestead." This enactment is construed in *McDonald* v. *Dickson,* 85 N. C., 248, as applying to homestead exemptions actually assigned and set apart to the insolvent debtor, and removing the statute of limitations out of the way so far as it obstructs the creditor's access to the assigned land, while it debars him from recourse to other property. The provision suspends the exercise of this reserved right, until by the efflux of time, or otherwise, the exemption ceases, and while recourse may then be had to the homestead for satisfaction of the debt, it was not allowed before.

Of the heirs-at-law of the intestate made defendants in the proceeding, two were under age when it commenced, and the youngest, though married, remains still an infant, so that the limitation has not yet expired, and, under the statute, the action is premature. The statute itself, however, is not brought forward in *The Code,* and ceased to operate on and after the 1st of November, 1883, when the statute of limitations again began to run for the protection of the debtor's estate against the judgments.

The only land left by the intestate so far as the record discloses, is that assigned as exempt in his life-time, and again, unnecessarily, after his death, at the instance of his infant children, assigned to them, and which land it is now sought to subject to the judgment debts. As the judgments were rendered upon contracts entered into in 1866, and can be enforced only against the homestead, the petitioner asks that it be sold and converted into assets for their satisfaction. The homestead allotment is not *ipso facto* void even as against debts made prior to the adoption of the constitution. It becomes so only when the debtor has no other property which can be subjected to their payment, and the appropriation of this becomes necessary. *Albright* v. *Albright*, 88 N. C., 238.

The creditors, by their long delay, have acquiesced in the allotment of the exemption in the land, and as they now are compelled to protect their judgments under the provision for suspending the statute of limitations to prevent a bar, they cannot be allowed to impeach the validity of the exemption on the ground that it is ineffectual against them. If the exemption is repudiated, and the land is thus declared to have been exposed to their demand, then the judgments are barred, for it is only when the creditor is interrupted by the lawful assignment of the land, and cannot proceed against it, that the suspending claim has any force or operation upon the debt. The creditors cannot now occupy any better position than results from regarding the homestead as effectual against them. So that the judgments could only be enforced as others, after the expiration of the exemption, and this period has not arrived. The repeal of the act, which puts in force the statute of limitations, must, however, remit the creditors to their original rights to proceed against this property, and unless they can do so, they may lose their remedy altogether.

It is true, as is said in *Markham* v. *Hicks*, 90 N. C., 204, the prohibition against the sale of the reversionary interest, as it is called, in the homestead, remains in force since the repeal of the act of 1869-'70, but this was said in reference to debts contracted

since the exemption was secured to the debtor, which could not be pressed while the exemption continues, but it does not follow that a prior debt may not be enforced by a sale, not of a "reversionary interest," but of the land itself as free from incumbrance.

We have already said that the creditors having recognized, by their inaction, the assignment of the homestead, and seeking themselves exemption from the statute of limitations under the proviso of the act, could not now claim the benefit and repudiate the burden.   But when the statute is revived and becomes active by its repeal, the creditors ought also to be at liberty to proceed and assert their legal rights, otherwise, while not now barred, they may be barred by waiting until the children all arrive at full age.   The action, therefore, though prematurely brought, it would seem ought to be allowed now to go on and its legal results reached.   In other words the petitioner ought to be allowed to sell the land subject to the homestead, as but for his recognition aforesaid, he could have sold the land free from it.

This conclusion has been arrived at upon a full consideration of what has transpired, and a fair adjustment of the conflicting claims of the parties to the action.

There is no sufficient reason for arresting the proceeding and to compel its institution anew, when no advantage is to accrue to the defendants thereby.

We have not adverted to the irregular manner of this proceeding in passing under the jurisdiction of the Superior Court, for it seems not to have been raised, but we do not wish our silence to be misconstrued into an approval of it.

We therefore declare the ruling in the court below, dismissing the petition, erroneous, and it must be reversed, and the cause proceed in the manner indicated in this opinion.   To this end let it be certified.

Error.                                              Reversed.