## THOS. LYTLE v. LITTLETON LYTLE.

*Judgment—Dormant—Execution—Scire Facias.*

1. An execution issued on a dormant judgment is irregular, but not void, and a stranger, without notice, at a sale under such execution, gets a good title, but if the judgment creditor, or a stranger with notice purchases, he gets no title.

2. Under the former practice, the only defence to a *scire facias,* issued to revive a dormant judgment, was payment or satisfaction.

3. Where an execution issues on a judgment which as been docketed more than ten years, or when the ten years expires after the issuing, but before the sale under the execution, it conveys no authority to make a sale of the land·so as to preserve the judgment lien which had attached.

4. If an execution issues on a judgment more than ten years after the docketing, but which is not dormant, or to a county in which the judgment has never been docketed, a sale of both real and personal property under it is valid, but the lien only relates to the levy.

5. Where a judgment has become dormant, and is more than ten years old, no execution can issue on it, unless the creditor gives to the debtor an opportunity to set up the statutory bar.

6. So, where a judgment was more than ten years old, and no execution had issued within three years, and the creditor issued a notice of a motion to issue execution, and the clerk made no order to that effect, but issued the execution ; *It was held* that a sale thereunder was void.

(*Barnes* v. *Hyatt,* 87 N. C·, 315 ; *Sheppard* v. *Bland, Ibid.,* 163 ; *McDonald* v. *Dickson,* 85 N. C., 248 ; *Lyon* v. *Russ,* 84 N. C., 588 ; *Fox* v. *Kline,* 85 N. C., 173 ; *Spicer* v. *Gambill,* 93 N. C., 378 ; *Williams* v. *Mullis,* 87 N. C., 159, cited and approved).

CIVIL ACTION for the recovery of land, tried before *Gudger, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of BUNCOMBE county.

The plaintiff, in support of his title to the land described in the complaint, and of which the defendant was in possession, upon the trial, introduced evidence to establish the following facts :

Thomas Lytle, as administrator of John Lytle, in an action prosecuted against the defendant Littleton Lytle and others, in

the Superior Court of McDowell county, recovered judgment at Fall Term, 1869, for the sum of two hundred and fourteen dollars and twenty-five cents, which was never docketed in Buncombe county, wherein the disputed land lies. The plaintiff administrator, in January, 1879, the judgment having become dormant, applied to the Clerk of the Court to issue execution, which he declined to do, unless upon notice and proof of subsisting indebtedness, he should so adjudge, and give leave for its issue. The plaintiff thereupon made the affidavit, caused the notice to show cause to be served on the defendant, and on being advised by the Clerk that all that was necessary had been done in the premises, proceeded no further, and without positive action on the part of the Clerk in making an order for its issue, sued out execution on the judgment, which, in the form of the former writ of *fieri facias,* was directed and delivered to the Sheriff of Buncombe county. Under the authority thus conferred, he advertised, and on March 8th, 1880, sold and conveyed to the present plaintiff, the estate and interest of the said Littleton Lytle in the land in controversy.

Upon the trial of the issues before the jury, whose verdict, under the instructions of the Court, was in favor of the plaintiff, the question of the validity of the sale was reserved. Upon consideration, the Court being of opinion that by reason of the failure to docket the judgment in Buncombe county, the sale of the land therein was unauthorized and void, set aside the verdict and rendered judgment for the defendant, from which the plaintiff appealed.

*Mr. J. H. Merrimon,* filed a brief for the plaintiff.
*Messrs. M. E. Carter* and *C. A. Moore,* for the defendant.

SMITH, C. J., (after stating the facts). The vitality of the judgment not having been preserved by a successive issue of executions, at intervals prescribed by law for that purpose, it had become dormant, and an execution sued out without a renewing

order made by the Clerk, was irregular, while not void, and liable to be set aside on application of the debtor. Until this is done, however, the execution remains in force, as if no dormancy had supervened ; and when set aside, the title to property sold under its authority, to a stranger to the proceeding, who buys in good faith, and without knowledge or notice of the irregularity, or other defect in the issue of the process, will not be impaired thereby. *Barnes* v. *Hyatt,* 87 N. C., 315. It will be otherwise when the purchaser has full notice. *Sheppard* v. *Bland,* Id. 163.

This was the well established rule in the former practice, when no statutory bar obstructed the prosecution of a new action on the judgment, or the *scire facias,* in more general use to revive its dormancy, the defence to which could only be payment or satisfaction, and this was presumed after ten years, in the absence of any rebutting evidence.

The execution in the present case, was issued not only upon a dormant judgment, but after more than ten years had elapsed from its rendition, when the bar of the statute, prescribed by the existing law, would have interposed if set up by the debtor, to defeat a revival or the recovery of a new judgment upon the former, as a cause of action ; and when if it had been docketed, the lien thus created upon the debtor's land would have become extinct. *McDonald* v. *Dickson,* 85 N. C., 248.

If the execution issued after the period during which the lien continues, or if the time expires before the sale under which it is made, it being in the nature of a writ of *venditioni exponas,* as to real estate, to enforce an expired lien, it becomes inoperative for such purpose, and conveys no authority to make a sale preserving the lien that had attached, while under it, the officer may seize and sell the personal estate; and this results from the fact, that there is then no lien to be enforced and made available. *Lyon* v. *Russ,* 84 N. C., 588; *Fox* v. *Kline,* 85 N. C., 173; *Spicer* v. *Gambill,* 93 N. C., 378.

The failure to acquire a lien for want of a docketing of the judgment, or when having been acquired, it has been lost by the

efflux of time, the judgment does not thereby become invalid *ipso facto*, nor is the creditor deprived of his right to resort to such remedies as the law provides, irrespective of the lien, and he may pursue them, when by means of successive executions, separated by intervals not exceeding three years, the life of the judgment has been preserved, and the necessity avoided of making application to the Clerk for leave. The Code §440. The lien is a better and further security for the debt than the creditor formerly possessed, but the act that gives it, does not profess nor undertake to displace or recall the remedies furnished by the law and practice previously in force. This has been declared when personal goods have been seized, after the lien on the real estate was gone, in *Williams* v. *Mullis*, 87 N. C., 159, and is extended to land in *Spicer* v. *Gambill, supra.* The docketing of a judgment is not an essential condition of its efficacy, nor a precedent requisite to an enforcement by final process. This is only necessary to create and prolong the lien thus acquired, for the benefit of the creditor against subsequent liens, encumbrances and conveyances of the same property.

The writ which issued to the sheriff in this case and held at the sale pursuant to which the plaintiff bought, is neither in form or effect a mere order for the enforcement of a lien by sale under it, which was the office of the *venditioni exponas*, being but a mode of consummation of an action before begun, but is simply an *alias* mandate, addressed to the officer, requiring him "of the goods and chattels, lands and tenements of the several defendants named, to make the moneys adjudged to the plaintiff," pursuing the form of a *fieri facias*, recognized and in use before the introduction of the new procedure.

The former rulings, by which an execution, issuing upon a dormant judgment, was upheld as sufficient to pass title to an innocent purchaser, not a party to the proceeding, were made when the only informality in the judgment is its *dormancy*, but it would extend the principal much further, if the same effect is given to final process, issuing upon a judgment not only dormant,

but when an attempt to revive or give it legal force, must encounter at the defendant's election, the bar of the statute of limitation. To allow final process to be sued out, and have the assumed efficacy, is to deny to the debtor the opportunity to set up a full and sufficient defence, which the law gives him, and thus would the creditor be enabled to do by his own act, that which the law would have refused, if he had sought a remedy through its forms. The essential distinction between the former and the present rule, lies in the fact, that in the one case, there is not, while in the other there is, a bar interposed by the statute, against any mode of legal action, open to the creditor. The law prescribes how the dormancy may be removed, and we do not depart from the adjudications, when we allow the same results to an execution upon a judgment not barred, but with suspended activity only. We shall go beyond the authorities in upholding it, when all remedy to revive or renew it is taken away by the statute. We do not propose to do so, and we think, when the judgment cannot be enforced by asking leave of the Court, nor by a new action founded upon the judgment, as itself a cause of action, the defendant ought to have a day in Court, to show any legal objection he may have for opposing the grant of leave by the Court, or against a second recovery, in displacement of the former, as a new statutory point of time.

For these reasons, we are of opinion the judgment below is correct, and the same is affirmed.

No error.                    Affirmed.