C. T. ROGERS v. JOSEPH KIMSEY, Executor of L. R. WELCH.

*Estoppel—Judgment—Res Judicata—Statute Limitations— Lien—Homestead—Administration.*

1. Every defence which was available at the time of the rendition of a judgment, in the absence of fraud, is conclusively presumed to be determined thereby, and the parties are estopped thereby so long as the judgment remains in existence.

2. A judgment was recovered and docketed against W., in 1877; thereafter, in the same year, he conveyed his lands, of less value than $1,000, to purchasers for value; in 1880 W. died, leaving no widow or minor children surviving him, and administratio 1 was granted upon his estate in same year: *Held*, (1) that the judgment was a lien upon the lands owned by W. at the time of the docketing thereof, subject to his right to a homestead, and that, upon his death, the creditor might enforce that lien against the purchasers; and (2) that an action commenced in 1884 to enforce this remedy was not barred by the Statute of Limitations.

The plaintiff, endorsee of a note under seal, executed on April 18th, 1874, by Loyd R. Welch, the defendant's testator, to W. A. Parker, in the sum of $125, payable three years after date, sued the obligor and recovered judgment thereon before a Justice of the Peace of the county of Cherokee, on

July 17th, 1877, with interest thereon, and for costs. A transcript thereof was docketed in the Superior Court on the 24th day of September next following, and on the next day execution issued and was returned by the officer, with his endorsement: "Nothing collected."

The judgment debtor died some time in the year 1880, without leaving a widow or minor child, having executed a will, wherein he appoints the defendant Joseph Kimsey executor, who has caused the same to be proved, and qualified as executor thereof. The judgment becoming dormant, notice of a motion to revive the same was accepted by the defendant, and he submitted to an entry of a revival of said judgment.

The original debtor, Loyd R. Welch, at and before the docketing of the judgment, owned certain lands in said county, particularly described in the complaint filed in the present action, which, on November 2d, 1877, he conveyed or attempted to convey, by deed, duly executed, proved and registered, to G. W. Cooper and R. A. Aiken, who, with the said executor and the heirs-at-law of the deceased, are defendants in this proceeding, prosecuted to subject the said real estate, there being no other property left by the deceased subject to the statutory lien of said judgment, and to cause it to be sold and converted into assets for the satisfaction of said debt. The action was begun by the issue of a summons on April 11th, 1884, and its purpose is to coerce the sale of the lands aforesaid in the hands of said Cooper and Aiken, who claim title thereto, and an estate in fee free from such lien.

The last named defendants answer and deny the existence of any lien or any liability resting upon the lands so conveyed to them, and, with the executors, set up the further defence that the note, the primary cause of action, is null and void under the statute (*The Code,* § 1553), the deceased

obligor, Loyd R. Welch, being, at the time of signing the same, of Cherokee Indian blood within the second degree.

This enactment declares that "all contracts and agreements of every description, made after the 18th day of May, 1838, with any Cherokee Indian, or any person of Cherokee Indian blood within the second degree, for an amount equal to ten dollars or more; shall be void, unless some note or memorandum thereof be made in writing and signed by such Indian or person of Indian blood, or some other person by him authorized, in the presence of two witnesses, who shall also subscribe the same."

This statute, constituting a section in the Statute of Frauds of this State, and intended for the protection of this class of our population against imposition and deceit, has been in force since it was first enacted in 1836, and is retained in all subsequent revisals. Rev. Stat., ch. 50, § 11; Rev. Code, ch 50, § 16; *The Code*, § 1553.

The following issues were submitted to the jury without objection :

1. Did the plaintiff recover judgment against L. R. Welch, as alleged in the complaint, and was the same docketed on the judgment docket of this Court, and when ?

2. Has said judgment, or any part thereof, been satisfied ?

3. Was the land described in the complaint the property of L. R. Welch at the time of the rendition of the judgment, and was the same subsequently sold to Cooper and Aiken ?

4. Is this action barred by the Statute of Limitations ?

The following additional issues were tendered by defendants. The Court declined to submit either of them to the jury, and the defendants excepted :

1. Was L. R. Welch, at the time he made the note to W A. Parker, of Indian blood within the prohibited degree, under section 1553 of *The Code ?*

101—36

2. Was the note sued upon obtained by W. A. Parker without adequate consideration, and in violation of section 1553 of *The Code?*

3. Was L. R. Welch entitled to a homestead exemption in fee simple at the time he sold the land to Cooper and Aiken?

The jury found all the issues submitted in favor of the plaintiff.

During the trial the defendants offered as a witness one Meroney, and proposed to prove by him that the said Welch was within the prohibited degree, under § 1553 of *The Code,* for the purpose of showing that the note and judgment on it were void, and that the judgment could have no relation back to defeat the debtor's homestead under the act of 1876–'77, and no lien resulted from the docketing. To this testimony objection was made by the plaintiff, for that all defences then existing, and which could have been made, are concluded by the adjudication, and the objection was sustained by the Court and the testimony ruled out. The defendants excepted.

It was in proof by defendants that the sale of the lands to Cooper and Aiken was for the sum of $900, its full value, which was paid; that the testator had some other land which was sold at auction by the executor for $50, and that there was an interest in some land in Graham County which still remains.

The defendants, who had set up in their answer a defence under the bar of the Statute of Limitations, asked an instruction that the action is barred; to the refusal of the Court to give which, the defendants also excepted.

Judgment was rendered for plaintiff and defendants appealed.

*Mr. G. S. Ferguson,* for the plaintiff.

*Mr. E. R. Stamps (Mr. J. W. Cooper* filed a brief), for defendants.

SMITH, C. J. (after stating the case.)   With this recital of the facts in the case in the aspect in which the allegations and the evidence presented it, we proceed to examine the rulings to which exceptions are taken.

1. The rule is too well established, and its subversion would lead to too many grave and disastrous consequences to require argument or authority to support the proposition that every defence available at the time, and which a defendant could set up at the trial, in the absence of fraud is conclusively determined by the judgment, and cannot be again asserted while the judgment remains in a controversy between the same parties.   The testimony which proposed to inquire into the validity of the note thus reduced to a final judgment was clearly inadmissible and was properly rejected. *Jordan* v. *James*, 3 Hawks, 110, and other cases.

2. The Statute of Limitations interposes no impediment to the prosecution of the action.   It falls under those enacted in 1868, since which the note was made and the judgment on it rendered.   The letters testamentary issued in 1880, since which the judgment has been renewed, and the suit was brought in 1884.   This appears in the record and admissions in the pleadings.

3. The time of the transfer of the note, whether before or after its maturity, was wholly immaterial, and no proof thereof was admissible.

4. The remaining inquiry is as to the existence and effect of the alleged lien of the judgment upon the debtor's lands upon the conveyance of the legal estate by the debtor's deed to the defendants Cooper and Aiken.   No homestead was laid off during the testator's life-time, nor was any attempt made to enforce the execution against the land.   The right to such homestead terminates at his death without wife or infant children surviving, and hence if a lien has been acquired it may now be enforced:

The judgment lien attaches when "docketed on the judgment docket of the Superior Court" to the real property of the debtor in the county where the same is docketed, "which he may have at the time of the docketing thereof in the county in which such real property is situated, or which he shall acquire thereafter for ten years from the date of the rendition of such judgment." *The Code*, § 435.

"Real property," as used in the Code of Civil Procedure, in which the judgment lien is given, is therein defined to be "co-extensive with lands, tenements and hereditaments," title 16, § 388, that is of the same wide import and meaning.

The lien of the plaintiff's judgment did, then, at its rendition, spring up and adhere to the debtor's estate in the lands, subject to his recognized right to the homestead exemption, and this lien followed the transfer of the estate to the contesting defendants, Cooper and Aiken, which they took in subordination thereto.

The lien is not affected by the act of 1876–'77, ch. 253, even conceding its validity (and as an attempt to enlarge the homestead it has been declared unconstitutional and inoperative in *Wharton* v. *Taylor*, 88 N. C. 230), since that enactment, declaring that there shall be no judgment lien upon the homestead, is confined to "debts contracted or causes of action accruing since May 1st, 1877"; while here the debt was contracted on April 18th, 1874, and became due three years thereafter, and before the time specified in the statute.

And even this act, displacing the statutory lien, as soon as the attention of the General Assembly was called to it by the decision in *Markham* v. *Hicks*, 90 N. C., 204, was amended at the next session by restoring the lien to that class of judgments. Acts 1885, ch. 359.

This legislation recognizes the existence of the lien upon the land subject to exemption for the limited period, and

the right to enforce which, in an appropriate manner, arises at its expiration.

It is, then, the duty of the executor to proceed to convert the land into assets in order to the satisfaction of this and the judgments of any other creditors, if there be such, whose liens prevail over the title acquired under the deed, for the action is that of creditors, among whom the proceeds must be divided according to their respective claims.

Even if the original judgment had become dormant it would sustain the present proceeding and retain its precedence as such. *State* v. *Johnson,* 7 Ired., 231.

There is no error. Affirmed.