J. W. PIPKIN v. W. D. ADAMS et al.

*Judgment—Lien—Expiration—Revivor.*

1. The statute (section 440 of *The Code*) contains no provision extending beyond ten years the lien of a judgment until a motion to revive it and to issue execution theron can be heard; therefore,

2. Where a judgment creditor delays issuing execution until within a short time before the expiration of the lien of his judgment and then gives notice of a motion to revive and for leave to issue execution, and the motion is heard and execution issued after ten years from the date of the judgment, a purchaser at the execution sale of land gets no title as against one who *bona fide* bought the land during the ten years.

CIVIL ACTION for the recovery of land, tried before *Battle*, J., and a jury, upon the usual issues, at November Term, 1893, of HARNETT Superior Court.

The plaintiff claimed under a deed from the Sheriff of Harnett county made in pursuance of a sale on 7th of April, 1890, under execution issued on February 25, 1890, on a judgment rendered in the Superior Court on the 16th of February, 1880. Notice to revive the judgment and for leave to issue execution was issued in December, 1889, and heard and granted by the Clerk on the 17th of February, 1890.

The defendant claimed under a *bona fide* conveyance from the judgment debtor, W. B. Surles, and his wife, dated March 3, 1883.

Under the instructions of his Honor the jury rendered a verdict for the defendants, and plaintiff appealed.

*Mr. L. B. Chapin*, for appellant.
No counsel *contra*.

SHEPHERD, C. J.: Assuming for the purposes of this appeal that a docketed judgment for costs (the amount not being specified) is efficacious to confer a lien under section 435 of *The Code*, we are nevertheless of the opinion that the plaintiff cannot recover.

It is well settled that the lien of a docketed judgment expires at the end of ten years, and there is no saving clause in the act, except where the judgment creditor has been restrained from proceeding to enforce his judgment "by an order of injunction, or other order, or by the operation of an appeal, or by a statutory prohibition." *The Code, supra; Adams* v. *Guy*, 106 N. C., 275.

It is plain that these provisions do not apply to the present case. The plaintiff could have issued executions every three years and thus have avoided the necessity of resorting to a motion. *The Code*, §440. He failed to do this, but waited until only a month or two before the expiration of

the lien and then moved for leave to issue execution. In thus delaying to enforce his rights he must abide the consequences. The statute contains no provision extending the lien until the motion is heard, and it is in the interest of public policy that it should be strictly construed. That such has been the principle adopted by this Court is manifest from the case of *Spicer* v. *Gambill*, 93 N. C., 378. In that case an execution was levied on land before the expiration of the judgment lien, but the sale did not take place until after the expiration of such lien. It was held that the levy did not extend the lien to the sale so as to defeat a purchaser whose right attached during the existence of the lien. See also, *McDonald* v. *Dickson*, 85 N. C., 248; *Lytle* v. *Lytle*, 94 N. C., 683, and other cases cited in Clark's Code (second edition), sections 435–440.

These authorities are conclusive against the plaintiff. The defendant purchased during the ten years, and at its expiration there was no lien upon the property. The purchase of the land by the judgment creditor under an execution subsequently issued conferred no title as against the defendant.

This view renders it unnecessary to consider the other questions discussed by counsel.  Affirmed.