A. L. BLOW ET AL. v. F. C. HARDING ET ALS.

(Filed 5 March, 1913.)

Judgments—Liens—Obligations Incurred Before 1868—Homestead—Limitation of Actions.

A judgment obtained in 1873 on an obligation incurred prior to the Constitution of 1868, in this case as surety on a guardian bond, could have been enforced on the lands of the judgment debtor, notwithstanding the allotment thereof as a homestead under another judgment, and is barred by the ten-year statute of limitations.

APPEAL by plaintiffs from *Cline, J.,* at September Term, 1912, of PITT.

*Thomas J. Jarvis and Winston & Biggs for plaintiffs.*
*Gulley & Son for defendants.*

CLARK, C. J. On 6 February, 1866, J. J. Perkins became surety on a guardian bond. Suit was brought thereon and judgment was rendered at Fall Term, 1873, of Pitt. At that time J. J. Perkins was seized and possessed of Lot No. 33 in the town of Greenville.

W. M. Brown, administrator of Short, obtained judgment against said J. J. Perkins, Spring Term, 1871, of Pitt. Execution issued thereon, and on 15 March, 1871, the homestead

of said Perkins was allotted, which embraced aforesaid Lot No. 33. This judgment by successive transfers became the property of R. A. Tyson.

On 24 July, 1893, J. J. Perkins by deed conveyed to Lucy G. Bernard a certain part of Lot No. 33, and on the same day R. A. Tyson executed a quitclaim deed to Lucy G. Bernard for said lot of land, both which deeds were registered that day, and she took possession of the land.

J. J. Perkins died in 1911 and on 11 October, 1911, the plaintiffs, being the owners of above judgment against him which had been rendered at Fall Term, 1873, began this suit to subject said lot to sale to satisfy their judgment.

The only question involved is whether the judgment against Perkins obtained at Fall Term, 1873, continued to be a lien upon the land in 1911. A docketed judgment is a lien for ten years only, with well defined exceptions. Revisal, 574; *Pipkin v. Adams,* 114 N. C., 201; *Bernhardt v. Brown,* 122 N. C., 594; *Harrington v. Hatton,* 130 N. C., 90; *Wilson v. Lumber Co.,* 131 N. C., 167.

Revisal, 574, provides that the time during which the judgment creditor shall be prevented by statute or judicial order from enforcing the judgment shall not be counted as any part of the ten years. This judgment, obtained at Fall Term, 1873, was upon a liability incurred prior to the Constitution of 1868, when J. J. Perkins signed the guardian bond as surety. Therefore the collection of the judgment could have been enforced against this property notwithstanding the allotment of the homestead under another judgment. *Earl v. Hardie,* 80 N. C., 177; *Long v. Walker,* 105 N. C., 90. *A fortiori,* if the judgment could have been collected out of property other than that covered by the homestead, the lien of the judgment expired at the end of the said ten years.

There was no suspension of the statute of limitations as to this judgment, because its lien could have been enforced at any time up to the time it expired in 1883. *Cotton v. McClenahan.* 85 N. C., 255; *McDonald v. Dickson, ib.,* 253; *Cobb v. Hallyburton,* 92 N. C., 655. The judgment creditor was not re-

strained from collection by operation of law nor by any order of court, but by his own want of diligence. *Lyons v. Russ*, 84 N. C., 588.

The judgment of his Honor that the plaintiffs cannot recover is

Affirmed.