## KUYKENDALL v. TOD.

(Circuit Court of Appeals, Eighth Circuit. January 4, 1915.)

No. 4250.

1. JUDGMENT ⬅⬤➡934—ACTIONS ON FOREIGN JUDGMENT—LIMITATIONS—REVIVOR.

Where a Wyoming judgment has been revived under the statute of that state, the Colorado statute of limitations against actions on foreign judgment (Rev. St. Colo. 1908, § 4076) begins to run from the date of the revivor of the judgment, whether the proceedings for revivor be considered as new proceedings or as a continuation of the old.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1764, 1766–1768; Dec. Dig. ⬅⬤➡934.]

2. JUDGMENT ⚏934—ACTIONS OF FOREIGN JUDGMENT—LIMITATIONS—CON-
STITUTIONALITY.

The three-month limitation, imposed by Rev. St. Colo. 1908, § 4076, upon foreign judgments rendered upon a cause of action which accrued more then six years prior to the bringing of the action in a foreign state, is void as imposing an unreasonable limitation.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1764, 1766–1768; Dec. Dig. ⚏934.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by William Stewart Tod against John M. Kuykendall. Judgment for the plaintiff, and defendant brings error. Affirmed.

William V. Hodges, of Denver, Colo. (J. J. Laton, Mason A. Lewis, and James B. Grant, all of Denver, Colo., on the brief), for plaintiff in error.

Edmund J. Churchill, of Denver, Colo. (Charles W. Burdick, of Cheyenne, Wyo., on the brief), for defendant in error.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOUMANS, District Judges.

YOUMANS, District Judge. On August 19, 1895, defendant in error recovered a judgment against plaintiff in error in the district court of Laramie county, Wyo. On the 17th of April, 1912, pursuant to the statutory provisions of that state, a judgment of revivor of said original judgment was entered in the same court. On March 17, 1913, a suit on the judgment of revivor was brought in the District Court for the District of Colorado. Plaintiff in error demurred to the complaint and, upon the demurrer, claimed that the judgment of revivor did not interrupt the running of the statute of limitations against the original judgment, and that this action was barred by the following statute of limitations of Colorado:

"4076. Cause of Action Without the State—Six Years.—Sec. 16. It shall be lawful for any person against whom an action shall be commenced in any court of this state, wherein the cause of action accrued without this state, upon a contract or agreement expressed or implied, or upon a sealed instrument in writing, or upon a judgment or decree rendered in any court without this state, more then six years before the commencement of the action in this state, to plead the same in bar of the action in this state; provided, that if said judgment or decree rendered without this state be based upon a cause of action which had accrued more than six years prior to the commencement of the action on such judgment or decree in this state, and the said judgment or decree had been rendered without this state more than three months prior to the bringing of such action thereon in this state, it shall be lawful for any person against whom any action or such judgment or decree shall be brought, to plead the same in bar thereof."

The demurrer was overruled and, the plaintiff in error electing to stand on his demurrer, judgment was rendered against him. He assigns as error the action of the court in overruling the demurrer.

It is contended on his behalf that the statute of Wyoming, under which the judgment was revived, was adopted from the state of Ohio, and that it must be presumed that the construction placed upon that

statute by the courts of Ohio was also adopted. Maki v. Union Pacific Coal Co., 187 Fed. 389, 109 C. C. A. 221.

The case of Misner v. Misner, 41 Ohio St. 678, is cited as a decision rendered by the Supreme Court Commission of Ohio prior to the adoption of the statute by the state of Wyoming, and that it must be assumed that this decision was also adopted. An examination of that case discloses, however, that the effect of a judgment, or order of revivor, on the statute of limitations was not involved. The question raised there was whether the proceeding to revive should be instituted in the county in which the original judgment was rendered, or in the county in which the defendant resided. The original judgment in that case had been rendered in Jackson county, and the petition to revive was filed in that county. Summons was directed to the sheriff of Lawrence county and by him served upon the defendant in the latter county. It was held by the Supreme Court Commission of Ohio that:

"The petition and summons did not make a new action; they were additional proceedings in the original action. The defendant was entitled to notice thereof, and got it, as authorized by said amended section 417. Having jurisdiction of the original action, the court could issue summons to any other county in the state, in order to effect a revivor."

It is thus seen that the Misner Case did not hold that the judgment of revivor did not constitute a new point from which the statute of limitations began to run. Nor have counsel called our attention to any subsequent case from Ohio in which it is so held. Neither does it appear that there has been such a holding by the courts of Wyoming. Whether the proceeding to revive is denominated a new or an old action is immaterial.

The Supreme Court of Iowa, in the case of Meek v. Meek, 45 Iowa, 294, held that a judgment of revivor did not affect the running of the statute. In that case the court said:

"In support of his position, that the statute of limitations begins to run only from the date of the revivor, plaintiff cites Fagan v. Bentley, 32 Geo. 534. This case, as well as three or four Irish decisions to which we have been referred, hold that the judgment in scire facias, under statutes similar to our own and the Ohio statute, is to be regarded as a new judgment, and the statute of limitations must be regarded as beginning to run therefrom, and not from the date of the original judgment. They are in conflict with the decisions of this court, above cited, which we are required to follow rather than those of other courts. We think the rule of this court is based upon sound reason; we have therefore no disposition to disturb it."

We do not think the rule announced by the Supreme Court of Iowa is sustained by the weight of authority. Digges v. Eliason, 4 Cranch, C. C. 619, 7 Fed. Cas. 691, No. 3904; Lafayette v. Wonderly, 92 Fed. 313, 34 C. C. A. 360; Rogers v. Kimsey, 101 N. C. 559, 8 S. E. 159; Walsh v. Bosse, 16 Mo. App. 231.

In the Wonderly Case Judge Sanborn said:

"Its purpose is not to raise the issue of the validity of the original judgment, but to offer the debtor an opportunity to show, if he can, that the former judgment has been paid, satisfied, or released, and, if he cannot, to avoid the statute of limitations against the judgment and its lien, if it have one, and to give the creditor a new right of enforcement from the date of

the judgment of revival. Its effect, when it results in a new judgment, is to avoid the statute of limitations, to set it running again from the date of the judgment of revival, and to reinstate the old judgment. * * * One of the objects and effects of a revival is to avoid the statute of limitations, to give the creditor a new right to enforce his judgment from the date of the judgment of revival, and to set the statute of limitations to running from the date of the latter judgment. * * * Under the Statute of Westminster II, and under the statutes of Missouri, this proceeding by scire facias is a remedy for the avoidance of the statute of limitations, and independent of, but concurrent with, an action of debt upon the judgment.". 92 Fed. 314, 316, 317, 34 C. C. A. 361, 364.

The same question was raised substantially in the same way it is raised here in the case of Digges v. Eliason, supra. That was a scire facias to revive a judgment. The defendant pleaded the Maryland statute of limitations. The plaintiff replied that the original judgment was revived by an award of execution thereupon on the first Monday of December, 1826, and that the period of limitations had not elapsed since such award. Chief Judge Cranch said:

"Whether the judgment on the scire facias is to be considered as a new judgment for the original debt is not material, as, according to the long-established practice in the English courts, before the passing of the Maryland Act of 1715, the revival by scire facias prevented the original judgments from being considered as standing, within the meaning of that word, in the expression, 'ten years' standing.' The opinion in the case of Hardisty v. Barny [2 Salk. 598], was given in 1695, and was a declaration of the then long-established practice of the court. The Maryland Act was passed 20 years after the case, and probably with full knowledge of that practice. The English authorities, also, generally consider and speak of an award of execution upon scire facias as reviving the original judgment, and such also has been the general understanding and language in this country. Upon these considerations, the court is of opinion that as 12 years had not elapsed between the revival of the judgment by scire facias in 1826 and the suing out of the present scire facias, the judgment is not barred by the statute."

[2] The three-month period of limitations contained in the section of the Colorado statute, above quoted, has been held by this court to be void as imposing an unreasonable limitation. Lamb v. Powder River Live Stock Co., 132 Fed. 434, 65 C. C. A. 570, 67 L. R. A. 558. In our view of the case the six-year statute had not run.

The decision of the lower court is therefore affirmed.