L. R. S. BARNES, ADMINISTRATOR, v. RACHEL FORT ET AL.

(Filed 29 September, 1915.)

**1. Appeal and Error—Interlocutory Orders.**

As to whether an appeal will lie from the interlocutory order rendered in this case, *quere.* The Court, however, decides the matter presented. *Best v. Best,* 161 N. C., 513.

**2. Judgments—Liens—Limitation of Actions—Successive Executions.**

While issuing execution under a judgment rendered in the Superior Court regularly within the intervals of three years prevents the judgment from becoming dormant, and the necessity of applying to the court for special leave to issue execution under Revisal, sec. 620, the lien of the judgment upon the lands of the judgment debtor expires in ten years from its rendition.

**3. Same—Death of Judgment Debtor—Administration—Remedy—Procedure —Statutes.**

A judgment creditor who has kept his judgment alive by issuing successive executions thereunder may cause execution to issue without leave of court after the expiration of the ten years, but within three years from the issuance of the last execution, though the lien of the judgment has been lost under the statute, and levy on the land or personalty of the judgment debtor; but upon the death of the latter, this right ceases and he must proceed to collect his judgment in the regular course of administration of the decedent's estate as provided by the statute.

**4. Judgments—Liens—Limitations of Actions—Executors and Administrators —Pleas.**

An administrator may plead the statute of limitations, after the death of the judgment debtor, to the issuance of an execution under a judgment kept alive by successive executions beyond the ten years period, and so may an heir at law, when it is sought to subject lands, which have descended to him, to the payment of debts.

**5. Arbitration and Award—Waiver.**

Where the parties to a controversy have submitted the matters in dispute to arbitration, an agreement between them, that the controversy be submitted *de novo* to the court, is a waiver of all rights thereunder, and the award will not conclude them.

SPECIAL PROCEEDING, finally heard by *Bond, J.,* at May Term, 1915, of WAYNE.

It appeared that Cæsar Fort, intestate of plaintiff, died on 8 November, 1911, leaving a will and appointing an executor thereof, who failed to qualify, and, thereupon, the plaintiff was duly appointed administrator *c. t. a.* At the time of his death there were two judgments docketed against intestate in favor of Sauls & Ormond, each for $95, one having been rendered on 23 December, 1898, docketed in Superior Court the same day, and the other rendered in the Superior Court on 16 April, 1900. These judgments were assigned for value to J. M. Grantham, and executions regularly issued thereon within each period of three years subsequent to their rendition, the last one on 31 December, 1908.

The judgments were duly presented by the said J. M. Grantham, the assignee of them, to the plaintiff, as claims against his testator's estate, and the administrator, having doubts as to the justness thereof, agreed in writing to refer the same and all matters connected therewith to R. M. Robinson, under Revisal, sec. 92. The administrator pleaded the statute of limitations.

The referee found "that all of the judgments upon which the claim against the administrator is founded are more than ten years old, and were at the time of the death of Cæsar Fort, but have been kept alive by successive executions issued within the time required by law." This being so, the referee held the land belonging to the estate liable to sale for the satisfaction of said claim, "upon issuance of execution and levy upon said land under said judgments, although the judgments are not a

lien on the land until such levy, and although even after said levy all other liens or encumbrances have priority over the lien of the judgment acquired by such levy."

The administrator thereupon filed a petition to sell the land of the testator for assets, the personalty having been exhausted and there being a tract of 90 acres belonging to the estate, and the heirs and devisees were made defendants, but process had not been served upon some of them. An appeal was taken to the Superior Court, and *Judge Daniels,* on motion, ordered a stay of the proceedings and sale until the matter could be heard. "At the May Term of the Superior Court it was agreed by all parties to bring the matter up, by consent, to be heard by his Honor, *W. M. Bond,* and it was further agreed that all irregularities be waived; that all parties were properly before the court, and that the only issue to be determined by his Honor was whether or not the judgment hereinbefore referred to was barred by the statute of limitations. Upon this issue his Honor rendered the following judgment:

"This cause coming on to be heard upon the question as to whether or not the judgments, referred to in the papers, now claimed by J. M. Grantham, against Cæsar Fort, are or are not barred by the statute of limitations, it being admitted that the judgments sued on were docketed more than ten years before this suit was begun, and that no period of three years had elapsed without execution issued: Upon consideration of the argument of the counsel and the facts in the record, it is adjudged, ordered, and decreed by the court, that said claim is barred by the statute of limitations and is not a valid debt or claim against the estate of Cæsar Fort. It is adjudged that each party pay his own costs of the proceedings. The finding of the referee on said question is reversed. Jury trial waived.                                  "W. M. BOND, *Judge.*"

The plaintiff excepted and appealed. He assigned but one error, viz.: "The court erred, as matter of law, in holding that the judgments mentioned in the papers, being the claim of J. M. Grantham v. Cæsar Fort, were barred by the statute of limitations."

*Dortch & Barham* for appellant.
*Langston, Allen & Taylor* for appellees.

WALKER, J., after stating the case: It may be well questioned whether an appeal will lie at this stage of the proceedings, the order of sale and the ruling of *Judge Bond* being interlocutory. It does not clearly appear whether there are debts other than the two judgments in suit, but it is to be inferred from the allegations of the petition to sell the land, and recitals in the order of sale, that there are. *Judge Bond* simply passed

upon the statute of limitations as to these two judgments, and rendered no final judgment. However, following the course taken in *Best v. Best,* 161 N. C., 513, we lay that point aside, and proceed to consider the question upon its merits.

The regular issue of executions within each period of three years prevents the judgment from becoming dormant, so as to avoid the necessity of applying to the court for special leave to issue execution under Revisal, sec. 620, but it does not prevent the bar of the statute of limitations, at the expiration of ten years from the rendition thereof under Revisal, sec. 391 (1). *Sawyers v. Sawyers,* 93 N. C., 321; *Lytle v. Lytle,* 94 N. C., 683; *Berry v. Corpening,* 90 N. C., 395. In the case last cited the Court held that the statute of limitations may be set up as a defense by an administrator to any action taken for the enforcement of a judgment against his intestate after ten years from the date of docketing the judgment; and this is so, although executions have regularly issued within each successive period of three years after the judgment was docketed. The lien of the judgment ceases at the end of ten years "from the rendition of the judgment," under Revisal, sec. 574, unless the owner of the judgment shall have been restrained by injunction or otherwise "from proceeding thereon," and the time of such restraint is not counted as a part of the ten years. *Adams v. Guy,* 106 N. C., 275. If the plaintiff, or owner of the judgment, has caused executions to be issued regularly within the successive three years, he may issue without motion or order after the expiration of ten years, although the lien may be gone, and levy on land or personalty; but this right ceases at the death of the debtor, when the creditor must proceed to collect his judgment in the regular course of administration of the decedent's estate, as provided by statute. *Sawyers v. Sawyers,* 93 N. C., 321; *Tuck v. Walker,* 106 N. C., 285; *Holden v. Strickland,* 116 N. C., 185; *Pipkin v. Adams,* 114 N. C., 201. As said in *Murchison v. Williams,* 71 N. C., 135, by *Justice Reade,* under the present system of procedure, the administration of the whole estate is placed in the hands of the representative of the decedent, as best it should be, instead of allowing a creditor to break in upon it with an execution and sale for cash at a possible sacrifice, when it may turn out that the personal assets would be sufficient without a sale of the land at all. See, also, *Mauney v. Holmes,* 87 N. C., at p. 432. It follows, therefore, that when the judgment debtor dies, the creditor must proceed against his representatives, personal or real, and they may resist the enforcement of the judgment by any proper plea or defensive matter, including the bar of the statute of limitations. In *Berry v. Corpening, supra, Justice Ashe* said for the Court: "This view of the matter, we are aware, presents the anomaly of a case where under certain circumstances execution might have been issued upon a judgment against a defendant so long as he lives; but when he dies his administrator may

exonerate his estate from liability thereto by setting up a defense that was not permitted to his intestate; but such a result is the logical sequence from the well established doctrine that the statute of limitations related only to the remedy. *Sturges v. Crowningshield,* 4 Wheaton, 122; Wood on Limitations, 26." The result is that the defendant may plead, to a motion for leave to issue execution, anything which has been done, under the original judgment, which exonerates or discharges him from liability thereon, provided it be matter which could not have been set up as a defense to the original judgment; for example, *nul tiel record,* release, payment; or that the debt and damages have already been levied on a prior execution, and so forth, in analogy to the practice of writs of *scire facias* to revive a judgment and to have execution issued thereon. And where the debtor dies, his representatives may do likewise when opportunity is presented. *Berry v. Corpening, supra; McDonald v. Dickson,* 85 N. C., 248.

So that the plea of the statute of limitations was properly considered in this case by the Court, as to the administrator, and also as to the heirs and devisees, under the rule stated in *Best v. Best,* 161 N. C., 515, where it is said: "It is now very generally understood that on a petition to sell land for assets the heirs, in protection of the real estate, may plead the statute of limitations whenever such plea would be available to the executor or administrator in protection of the personalty; but when the claim is evidenced by a subsisting judgment against the executor or administrator, the heir is concluded as to its validity, unless the judgment can be successfully assailed on the ground of 'fraud and collusion.' This position, as laid down in *Speer v. James,* 94 N. C., 417, correcting an erroneous impression to the contrary which had been made in *Bevers v. Park,* 88 N. C., 456, has been again and again affirmed by the Court, and may be taken as accepted law with us. *Lee v. McKoy,* 118 N. C., 518; *Byrd v. Byrd,* 117 N. C., 523; *Proctor v. Proctor,* 105 N. C., 222; *Smith v. Brown,* 99 N. C., 377."

Having settled the question of pleading and practice, we need not consider the legal force and effect of the award of Mr. Robinson, under the reference to him, or, in other words, whether it estopped the administrator or the heirs and devisees to plead the statute of limitations in bar of the judgment, or was conclusive against them upon that question. It may well be doubted if the referee intended to pass upon the application of the statute of limitations to the judgments, as he seems to have placed his decision *solely* upon the ground that, as executions had issued on the judgments regularly within each successive period of three years, execution could be issued and levied on the land, notwithstanding the death of the debtor and the qualification of his administrator, and that the land could be sold thereunder, although the lien had expired, and there were prior liens or encumbrances on the land. If this question was

referred to him by the parties, the decision of it was erroneous, and it does not reach and cover the other question, as to the statute of limitations, which the referee did not pass upon. But all discussion and decision of this matter, as to the effect of the award, may be put out of the case, as the parties have clearly agreed to waive it, and to submit to the decision of the court, *de novo,* the single question as to the bar of the statute of limitations. This is shown by their agreement, copied into the above statement of the case and taken literally from the record, and by the judgment of the court, which distinctly and explicitly confines the decision solely to *that* question, as the *only* one submitted to it; and also by the exception and assignment of error by the appellant, who is the plaintiff in this case. This being so, we are of the opinion that there was no error in the decision below upon the case agreed, holding that the two judgments are barred, because this question has long since been settled by our decisions against plaintiff's contention, as appears from the authorities we have already cited.

The mere issuing of executions regularly and within the prescribed period of three years will prevent the dormancy of the judgment, so that executions may thereafter issue within the same period without motion; but it does not preserve or extend the lien beyond the ten years from the rendition of the judgment, nor does it stop the running of the statute of limitations, the bar of which is complete when the ten years have expired. Whenever the creditor *must* resort to a motion or other proceeding to enforce the judgment, as, for example, when he has waited more than three years before issuing an execution, or when the debtor dies, and he must prove his claim against the estate or bring an action upon it, and perhaps in some other instances, the defendant may plead the statute of limitations or other defensive matter.

There was no error in the ruling below.

Affirmed.