ELLIS P. LUPTON v. B. G. EDMUNDSON AND WIFE, LENA EDMUNDSON, AND CHARLES A. WARREN AND ROYALL H. SPENCE.

(Filed 15 October, 1941.)

**1. Judgments § 21—**

The life of the lien of a judgment is ten years from the date of its rendition in the Superior Court, C. S., 614, and an action to enforce the lien by condemning land of the judgment debtor to be sold is barred by the statute when sale of the land cannot be made and concluded within the ten-year period, even though the action is instituted within such period, when the running of the statute is not interrupted at any time or in any manner by order restraining any proceeding on the judgment.

**2. Same—**

The issuance of an execution does not prolong the life of the lien of a judgment.

**3. Same—**

An action to enforce the lien of a judgment by condemning the land of the judgment debtor to be sold is not an action upon a judgment within the purview of C. S., 437 (1), prescribing the limitation of 10 years for

an action on a judgment, but even if the statute were applicable it would not have the effect of continuing the lien of the judgment beyond the ten-year period prescribed by C. S., 614.

APPEAL by plaintiff from *Nimocks, J.,* at June Term, 1941, of WAYNE. Civil action to enforce the lien of a judgment.

On the trial below counsel for the parties having agreed in open court that the court without a jury should hear the evidence and find the facts and render judgment according to law based upon the facts so found, the court finds the facts to be, briefly stated, as follows:

1. On 20 August, 1930, Wayne National Bank recovered judgment in Superior Court of Wayne County, North Carolina, against B. G. Edmundson for the sum of $608.75, with interest and cost, and same was duly docketed in office of clerk of Superior Court of said county on 22 August, 1930.

2. Plaintiff is now the owner and holder of said judgment by virtue of successive assignments thereof, and no part of same has been paid.

3. On and prior to 17 February, 1936, defendants B. G. Edmundson and his wife, Lena Edmundson, executed and delivered to Charles A. Warren, a deed, for certain real estate situated in Wayne County, North Carolina, which is described in the complaint and which was owned by said B. G. Edmundson, and said deed was duly registered in Wayne County. Charles A. Warren, who is incorrectly named in said deed as "Charles L. Warren," is a party to this action.

4. This action to enforce the lien of said judgment by condemning said land to be sold for the purpose of paying said judgment was commenced on 14 August, 1940—six days prior to the expiration of ten years from the date of rendition of said judgment.

5. Defendants, B. G. Edmundson and wife, Lena Edmundson, and Charles A. Warren, in separate answer duly filed herein, pleaded the ten-year statute of limitations and laches as defense to the action.

6. A sale of the lands described in the complaint, as prayed for therein, could not have been made and concluded within ten years of the rendition of the judgment.

7. The complaint does not allege, and there is no evidence that plaintiff or any of the former owners of the said judgment or the original judgment creditor, has at any time in any manner been restrained from proceeding on the said judgment.

Upon the foregoing findings of fact, the court being of opinion that the action and relief prayed for by the plaintiff is barred by the defendants' plea of the ten-year statute of limitations, and laches of plaintiff pleaded by defendants in bar of the action, entered judgment sustaining said plea of defendants and adjudging that plaintiff take nothing by this

action and that the same be dismissed, and the plaintiff be taxed with the costs of the action.

Plaintiff appeals to Supreme Court and assigns error.

*E. Ambrose Humphrey and Royall, Gosney & Smith for plaintiff, appellant.*

*Paul B. Edmundson for defendants, appellees.*

WINBORNE, J. Does the institution of an action to foreclose the lien of a judgment, nothing else appearing, suspend the ten-year statute of limitation, C. S., 614, relating to the lien of such judgment? The answer is No.

It is provided by this statute that a judgment, when docketed in Superior Court, becomes a lien on the real property which the judgment debtor then has in the county where the same is docketed, or "which he acquires at any time, for ten years from the date of the rendition of the judgment."

The same statute further provides that "the time during which the party recovering or owning such judgment shall be or shall have been, restrained from proceeding thereon by an order of injunction, or other order, or by the operation of an appeal, or by a statutory prohibition, does not constitute any part of the ten years aforesaid, as against the defendant in such judgment, or the party obtaining such order or making such appeal, or any other person who is a purchaser, creditor or mortgagee in good faith."

It may be noted, by way of interpolation, that this statute, C. S., 614, as it originally appeared in Code of Civil Procedure (1868), section 254, reckoned the ten-year period, during which the lien of a judgment so attached to real estate, from "the time of docketing" the judgment. But this was changed in section 435 of Code of 1883, and made to run from "the date of the rendition of the judgment"—the same as it appears in section 574 of Revisal of 1905, and now in Consolidated Statutes of 1919.

Whether reckoning from "the time of docketing" as provided in C. C. P., 254, or from "the date of the rendition of the judgment" as fixed in subsequent codifications, as above stated, the decisions of this Court, in applying the statute, are uniform in holding that the lien of a judgment ceases to exist at the expiration of ten years—unless that time be suspended in the manner set out in the statute. *Pasour v. Rhyne,* 82 N. C., 149; *Lyon v. Russ,* 84 N. C., 588; *Spicer v. Gambill,* 93 N. C., 378; *Pipkin v. Adams,* 114 N. C., 201, 19 S. E., 105; *McCaskill v. Graham,* 121 N. C., 190, 28 S. E., 264; *Blow v. Harding,* 161 N. C., 375, 77 S. E., 340; *Barnes v. Fort,* 169 N. C., 431, 86 S. E., 340; *Hyman v. Jones,* 205 N. C., 266, 171 S. E., 103.

In *Spicer v. Gambill, supra,* Smith, C. J., after reviewing former decisions, announced therefrom the conclusion, "that to preserve the judgment lien the process to enforce and render it effectual must be completed by a sale within the prescribed time," and "if delayed beyond these limits, unless interrupted in the manner pointed out in section 435 of the Code, the lien is gone."

While execution is the statutory means provided in this State for the enforcement of a judgment requiring the payment of money, C. S., 663, the decisions bearing upon the subject likewise uniformly hold that the issuance of an execution does not prolong the life of the lien, nor stop the running of the statute of limitation, the bar of which is complete when the ten years have expired. *Barnes v. Fort, supra;* *Hyman v. Jones, supra.*

In the present case plaintiff, and those under whom he claims ownership of the judgment in question, have not been "restrained from proceeding thereon by an order of injunction, or other order, or by operation of an appeal, or by a statutory prohibition." This is not an action upon a judgment which may be commenced within ten years from the date of its rendition; but, if it were, it would not have the effect to continue the lien of the judgment. C. S., 437 (1). The institution of the present action has not been delayed by any of those provisions by which time can be counted out. C. S., 614. It, therefore, does not have the effect of prolonging the statutory life of the lien of the judgment.

The case of *Rogers v. Kimsey,* 101 N. C., 559, 8 S. E., 159, and other cases cited and relied upon by plaintiff, in the light of different factual situations, are not in conflict with the decisions here reached.

The judgment below is

Affirmed.